ROBERT A. PAYNE, as Treasurer of New York State Employees, Council No. 50, American Federation of State, County and Municipal Employees, AFL–CIO, Appellant, v. CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent.

Third Department, December 20, 1961.

*Joseph M. Schwartz* for appellant.

*DeGraff, Foy, Conway & Holt-Harris (John T. DeGraff* and *Frank J. Lasch* of counsel), for respondent.

GIBSON, J. The plaintiff appeals from an order which granted defendant's motion to change the place of trial from New York County, where neither party resides, to Albany County, in which defendant resides and which was therefore held to be the proper county.

Plaintiff, who sues " as Treasurer " of an unincorporated association, brought the action in New York County, the summons designating that county and stating that plaintiff resides in New York County and the complaint showing the venue there. Pursuant to rule 146 of the Rules of Civil Practice, defendant on April 10, 1961 served with its answer a demand that the place of trial be changed to Albany County, as the proper county, on the

grounds that (1) the individual plaintiff resides in Albany County, (2) the principal office of the unincorporated association on behalf of which plaintiff sues is in Albany County and (3) the principal office and place of business of the defendant corporation is in Albany County. On April 13, 1961 plaintiff served an amended complaint in which, opposite the title, appear the words "Plaintiff designates Bronx County as the place of trial"; and on April 15, 1961 served, in purported compliance with rule 146, an affidavit which stated that plaintiff resided in Bronx County but did not controvert the second and third grounds set forth in defendant's demand as above indicated. On April 20, 1961 defendant served notice of motion, returnable at Special Term in Albany County, for an order changing the place of trial from New York County, pursuant to section 187 of the Civil Practice Act and to rule 146, on the ground that New York is not the proper county, neither party residing there, and additionally, to promote the convenience of material witnesses and the ends of justice. The order appealed from followed.

Asserting his unquestionable right to amend his complaint as of course, appellant argues that the amendment was effectual to change the venue from New York County to Bronx County and, accordingly, that defendant could not pursue its demand addressed to the New York County venue or move thereon in the Third Judicial District (see rule 146); but this argument overlooks the requirement that the amendment be "without prejudice to the proceedings already had" (Civ. Prac. Act, § 244) and, in particular, to the prior demand and to defendant's right to follow it by motion (*Rector* v. *Ridgewood Ice Co.*, 38 Hun 293, affd. 101 N. Y. 656; *Upjohn* v. *First M. E. Soc.*, 156 App. Div. 147; 3 Carmody-Wait, New York Practice, p. 522, § 5).

Appellant's additional contention that defendant's motion proceeded on the erroneous premise that the individual plaintiff resided in Albany County—that, as hereinbefore indicated, being the first of three grounds stated in defendant's demand—has no support in the record. Appellant's own affidavit under rule 146, while denying an Albany residence, also negatived his prior assertion of residence in New York County and did not controvert nor, indeed, refer in any way to the additional grounds set forth in the demand, i.e. the location of the unincorporated association's office in Albany County and that of defendant corporation in the same county; and thus the affidavit set forth no "facts showing either that [Albany] county * * * is not the proper one or that [New York] county * * * is the proper one" (rule 146). Appellant's answering affidavit upon the motion was likewise devoid of any showing of plain-

tiff's residence in New York County or of any contradiction of the location of the association's and the corporation's offices as in Albany County. Thus the motion was properly granted upon the merits.

We find unsound appellant's further contention that the mere service of his affidavit, although it set forth none of the facts required by rule 146, deprived defendant of the right to move in Albany County, as permitted by the rule in case "plaintiff fail to serve * * * an affidavit which shall set forth facts showing either" that, in this case, New York was the proper county or that Albany was not. The affidavit served was, in our view, "equivalent to no affidavit at all" and, indeed, to give it any effect would be to nullify the salutary rule. (*Linder* v. *Elmira Assn. of Commerce,* 192 Misc. 830, 832–833; *Sterling Factors Corp.* v. *Sad Sam's Furnitureland of Binghamton,* 21 Misc 2d 837; *Chason* v. *Airways Hotel,* 18 Misc 2d 96; *Twentieth Century-Fox* v. *Papayanokos,* 8 Misc 2d 1079; *Midwest Mower Corp.* v. *Lober,* 31 Misc 2d 191; 6 Carmody-Wait, New York Practice, p. 139, § 42; cf. Prashker, New York Practice [4th ed.], p. 557, n. 9[a].)

We do not consider that our determination is necessarily in conflict with the recent decision of the Appellate Division, First Department, in *Ludlow Valve Mfg. Co.* v. *Silberblatt, Inc.* (14 A D 2d 291, 294), holding that under rule 146, "defendant could not, in effect, pass upon the sufficiency of the plaintiff's affidavit and, by treating the affidavit as a nullity, make its motion in New York County." In context, however, it is clear that the decision did not turn on the mere existence of a paper designated, or in form constituting an affidavit, but that the "sufficiency" referred to, and as to which examination was inhibited, was the sufficiency of the *factual averments* set forth in the affidavit made pursuant to rule 146; as plaintiff had, in fact, "submitted an affidavit containing averments tending to support plaintiff's choice of the place of trial", and the court held "that, for the purpose of determining jurisdiction to entertain a motion for a change of venue, *the weight or sufficiency of the averments is immaterial.*" (p. 294.) (Emphasis supplied.) In the case before us, averments of residence are required but such averments "tending to support plaintiff's choice", or purporting to do so, are completely lacking and hence there are no averments to weigh. The rule allows defendant to move "in the county which he claims is the proper one, provided there is no dispute between the parties as to whether such county is the proper one" and "*it is to be assumed that there is no dispute*" if plaintiff shall fail to serve an affidavit "which shall set forth facts showing

either that the county named by the defendant is not the proper one or that the county previously designated by the plaintiff as the place of trial is the proper one ''. (Seventh Annual Report of N. Y. Judicial Council, 1941, p. 296; emphasis supplied.)

The Special Term found, as an additional ground for its decision, that the actual plaintiff was the unincorporated association suing through its treasurer, Payne, who had no individual standing, and that the location of its principal office was in Albany County as was that of defendant. The court considered that for purposes of venue the location of the office of an unincorporated association should control, as in the case of a corporation. (*B & D Luncheonette* v. *Dallas*, 8 Misc 2d 457, revd. on other grounds 6 A D 2d 805; see *Sperry Prods.* v. *Association of Amer. R. R.*, 132 F. 2d 408, cert. denied 319 U. S. 744; cf. *Abbott Bread Co.* v. *Schlansky*, 242 App. Div. 774; 56 Am. Jur., Venue, § 7, p. 9; Frumer, Proposed Changes in the New York Law of Venue and of Jurisdiction over Persons and Things, 9 Syracuse L. Rev. 190, 193, n. 14.) We do not pass upon this additional ground of the Special Term decision.

The order should be affirmed, with $10 costs.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.