## (June 17, 1976)

■ AMY K. QUINN et al., Appellants, v STUART LAKES CLUB, INC., et al., Respondents.—Appeals from (1) an order of the Supreme Court at Special Term, entered March 4, 1974 in Delaware County, which granted defendant's motion for a change of venue and (2) an order and judgment of the same court, entered September 9, 1974, which granted defendant's motion for a dismissal of the complaint as to plaintiff Amy Quinn, individually. Seeking to determine what interest, if any, they have in one share of stock issued to the deceased, John J. Quinn, by defendant corporation, plaintiffs instituted the underlying action herein on July 9, 1973 and established venue of the action in New York County. Thereafter, on July 27, 1973, a motion was noticed by defendants to change the place of trial to Delaware County, and, within five days after service of this demand, plaintiffs replied with an affidavit by plaintiff Quinn opposing any change in venue and setting forth the bases for venue in New York County. Defendant's motion was subsequently argued at a Special Term of the Supreme Court for Delaware County, and, on September 5, 1973, that court ruled that it had

jurisdiction over the venue motion, that Delaware County was the proper venue of the action, and that plaintiff Quinn's affidavit was a "nullity". Cited by the court as the bases for its ruling were its determinations that plaintiff Quinn individually had no standing to bring the action and that plaintiffs, as executrices appointed by the Probate Court of the State of Wyoming, were foreign legal representatives entitled to sue in this State only under the restrictions imposed upon nonresidents of the State by EPTL 13-3.5. Adopting this decision as the law of the case and making no independent findings of law or fact, a later Special Term of the Supreme Court granted defendants' motion dismissing the five causes of action asserted by plaintiff Quinn in her individual capacity. On this appeal, plaintiffs initially contend that the court in Delaware County had no jurisdiction to decide defendants' motion for a change of venue and that the motion should properly have been made returnable in New York County. We agree. Pursuant to CPLR 511 (subd [b]), such a motion may: "be heard as if the action were pending in the county [defendant] specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county specified by him is proper." In this instance, the timeliness of plaintiff Quinn's affidavit is not questioned, and we cannot accept Special Term's conclusion that it is a "nullity". Contained in said affidavit was an averment "tending to support [plaintiffs'] choice of the place of trial and opposing the demanded change of venue" *(Ludlow Valve Mfg. Co. v S. S. Silberblatt, Inc.,* 14 AD2d 291, 294), namely, that plaintiff Quinn had been a resident of New York County for more than 20 years. Accordingly, the motion could not properly be heard in Delaware County *(Meyers v New York State Div. of Housing & Community Renewal,* 32 AD2d 818). Plainly inapposite to the situation here is *Payne v Civil Serv. Employees Assn.* (15 AD2d 265) upon which defendants mistakenly rely. In that case, the plaintiff brought an action in New York County and based his selection of venue upon his place of residence. Since it ultimately developed that he resided in Bronx County, however, his affidavit in support of his choice of the place of trial contained no averments tending to support said choice and was, therefore, properly treated as a nullity. Our resolution of this contention of plaintiffs makes unnecessary consideration of the additional issues raised on this appeal and also mandates reversal of the order and judgment of Special Term, which was based entirely on the earlier decision being the law of the case. Orders and judgment reversed, on the law and the facts, without costs, and motions denied, without prejudice to a renewal of the motion for a change of venue in the proper county. Sweeney, J. P., Main and Herlihy, JJ., concur; Larkin and Reynolds, JJ., dissent and vote to affirm on the opinion of Terry, J., at Special Term.