■ STELLA B. HUGHES et al., Appellants, v RICHARD A. NIGRO et al., Respondents. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Suffolk County (McInerney, J.), dated June 16, 1983, which granted the motion of defendants Richard A. Nigro, M. D. and Richard A. Nigro, P. C., joined in by defendant Manhattan Eye, Ear and Throat Hospital, for a change of venue from New York County to Suffolk County, and directed the clerk of the Supreme Court, New York County, to deliver all papers filed in the instant action to the clerk of the Supreme Court, Suffolk County.

Order reversed, with costs, and motion denied, with leave to defendants to renew their motion in the Supreme Court, New York County.

By summons and verified complaint dated February 2, 1983, plaintiffs commenced an action in the Supreme Court, New York County, charging defendants with medical malpractice. Defendants Richard A. Nigro, M. D., and Richard A. Nigro, P. C., served verified answers on April 13, 1983. On that same date, together with their answers, these defendants served a demand for a change of venue from New York County to Suffolk County, pursuant to CPLR 511 (b), on the ground that Suffolk County was the proper county where the trial of the action should take place. On April 21, 1983, plaintiffs' attorney served

an "affidavit of proper county" in response to the defendants' demand for a change of venue, asserting that New York County was the proper county for the trial of the action because defendant Manhattan Eye, Ear and Throat Hospital is located in New York County and because the alleged malpractice occurred in New York County. There is no dispute with respect to the sufficiency of the allegations contained within the "affidavit of proper county". Defendants Nigros' subsequent motion for a change of venue from New York County to Suffolk County, in which defendant hospital joined, was brought in the Supreme Court, Suffolk County, and was granted by Special Term. We reverse. The Supreme Court, Suffolk County, lacked jurisdiction to hear and determine the motion for a change of venue.

In order to effect a change of venue as a matter of right, the defendant must serve a written demand upon the plaintiff that the action be tried in a county which the defendant specifies as proper (CPLR 511 [b]). Thereafter, within 15 days after service of the demand, unless the plaintiff consents in writing to a change of venue, the defendant may move for a change of the place of the trial, and may notice such motion to be heard in the county specified by the defendant for trial (CPLR 511 [b]). However, if, within five days after service of the defendant's demand for a change of venue, the plaintiff services an affidavit showing either that the county specified by the defendant is not proper or that the county specified by the plaintiff is proper, that motion must be made in the county in which the plaintiff had designated that the trial take place, subject to the rules with respect to motions in adjoining counties (see, CPLR 511 [b]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C511:2, pp 136-137; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 511.04; *Goldstein v Roth,* 85 AD2d 555; *Quinn v Stuart Lakes Club,* 53 AD2d 775; *Ludlow Valve Mfg. Co. v S. S. Silberblatt,* 14 AD2d 291). Additionally, if the service of the "affidavit of proper county" is by mail, the plaintiff is afforded five additional days in which to serve that affidavit (CPLR 2103 [b]).

In the case at bar, plaintiffs' attorney served the "affidavit of proper county" on April 21, 1983, eight days after service of the defendants Nigros' demand for a change of venue pursuant to the statute (CPLR 511 [b]). The affidavit was, therefore, timely served within 10 days of the service of the demand, as required by the statute (CPLR 511 [b]; 2103 [b]). Since the affidavit was timely served, and there is no dispute as to the sufficiency of the affidavit, the Supreme Court, Suffolk County, lacked jurisdiction to hear and determine the motion for a change of venue.

Jurisdiction to hear and determine the motion was vested solely with the Supreme Court, New York County, the county which plaintiffs designated as the place of trial. Therefore, we reverse the order granting the motion for a change of venue, with leave to defendants to renew the motion in the Supreme Court, New York County. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.