OPINION OF THE COURT
Charles A. Kuffner, J.
This divorce action was commenced by the service of a summons with notice upon defendant on October 29, 1987. The plaintiff designated New York County as the place of venue. The claimed basis for venue in New York County is *761 "CPLR 509”. The summons also recites a Richmond County residence for the plaintiff, but it is clear that she resided in California at the time of the commencement of this action. Defendant resides in Richmond County.
Defendant now moves for an order changing the venue of the action from New York County to Richmond County on the ground that neither of the parties resides in New York County. Defendant established the necessary predicate for bringing the motion in Richmond County, which is the county claimed as proper by defendant, by serving a demand to change venue (CPLR 511 [b]). This section of the CPLR then permits defendant to make the motion to change venue in the county he designates as proper, "unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by defendant is not proper or that the county designated by him is proper.”
Plaintiff served such an affidavit in an attempt to comply with the statute, but the efficacy and sufficiency thereof will be discussed hereinafter.
In opposition to this motion, plaintiff takes the position that since an affidavit was timely served CPLR 511 (b) requires defendant to make this motion in the county designated by plaintiff (New York County). Consequently, posits plaintiff, this court lacks jurisdiction to hear this motion.
The five-page affidavit in question expounds upon defendant’s influence and notoriety in Richmond County. The details of defendant’s prominence need not be repeated here; suffice it to say that he is a well-known former member of Congress. The affidavit does not address either of the elements plaintiff is required to show under CPLR 511 (b), i.e., that (1) Richmond County is not a proper county or (2) that New York County is a proper county.
Concerning the former, Richmond County is a proper county because it is the residence of one of the parties when the action was commenced (CPLR 503 [a]). Plaintiff’s assertions that she cannot receive a fair and impartial trial due to defendant’s alleged influence may be relevant in support of a motion to change venue under CPLR 510 (2), but they do not affect the propriety of Richmond County for venue purposes ab initio. Consequently, the proper practice would have been for plaintiff to place venue in the only county proper for trial (Richmond) (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C503:l, at 13) and then to *762 move simultaneously or immediately thereafter for a change of venue under CPLR 510 (2). There would have been no prejudice in doing so, because she is permitted to so move notwithstanding the fact that she selected venue in the first instance (2 Weinstein-Korn-Miller, NY Civ Prac ]j 510.01a). Alternatively, plaintiff could have venued the matter in a proper county and later moved for a recusal of the Justice assigned.
Put succinctly, plaintiff determined unilaterally that she could not receive a fair trial in Richmond County, ignored the requirements of proper venue under CPLR 503, and for some inexplicable reason chose a county for which there is no authority under CPLR article 5.
As to the latter, plaintiff offers no authority or basis for placing venue in New York County other than that it is not Richmond County. Neither party resides there. The only contact is the presence of the offices of plaintiff’s attorneys there.
An ancillary issue which arises under the facts sub judice is whether the mere service by plaintiff of an affidavit, however deficient it may be, deprives the defendant of his option to make his motion in the county he believes is proper. In other words, it is the court’s inquiry limited to determining whether any affidavit in response to a demand under CPLR 511 (b) has been timely served, or is it much broader than that? Can the court scrutinize the affidavit to determine whether the required showing has been made?
The Third Department has taken the view that where the affidavit served sets forth no facts showing either that defendant’s chosen county is not the proper one or that plaintiff’s chosen county is, the mere service thereof does not preclude defendant from making his motion in the county he designates as proper. (Payne v Civil Serv. Employees Assn., 15 AD2d 265.) In Payne, plaintiff placed venue in New York County; defendant demanded a change to Albany County setting forth three grounds. Plaintiff then served an amended complaint designating Bronx County for venue purposes and served a responding affidavit that plaintiff resided in Bronx County. The court scrutinized this affidavit and held that since the affidavit showed neither that New York County was plaintiff’s residence nor that Albany County was improper, defendant properly made its motion in Albany County. The court also rejected the view that the mere service of an affidavit, how *763 ever lacking in substance, removes the jurisdiction of the court in the county designated by defendant to hear the motion to change venue.
The First Department’s position enunciated in Ludlow Valve Mfg. Co. v S. S. Silverblatt, Inc. (14 AD2d 291) is easily reconcilable with the Third Department’s position. In Ludlow Valve, the plaintiff served an affidavit asserting facts tending to show that the county he designated was proper, and the court appeared to conclude that the “weight or sufficiency of the averments is immaterial.” (Supra, at 294.) A reading of the entire context of the decision does not lead to the conclusion that the First Department intended to foreclose all inquiry into the sufficiency of any affidavit served by plaintiff. The affidavit must still make a showing that the county he designates is proper (as defined in CPLR 503) or that his adversary’s choice is improper (as also defined by that statute). As applied to the case at bar, had plaintiff’s affidavit averred that either of the parties resided in New York County, or averred that neither of the parties resided in Richmond County, Ludlow Valve would preclude further judicial inquiry into the accuracy of those statements. Lacking such averments, the court may make its own determination as to whether a proper showing has been made. (See, e.g., Quinn v Stuart Lakes Club, 53 AD2d 775; see also, Vacant Lots v Town Bd., 116 AD2d 865.)
Finally, the plaintiff’s reliance on CPLR 509, as stated on the face of her summons, must be briefly addressed. It states that the place of trial shall be in the county designated by plaintiff, unless changed by court order upon motion, or by consent.
Plaintiff’s reliance thereon is greatly misplaced. This section is not an independent basis for placing the proper venue. It merely sets forth the rule that where a plaintiff designates venue, otherwise improper under CPLR 503, and no one moves for, or consents to, a change of venue, any judgment entered is not jurisdictionally defective. Defendant, having sought a change of venue, obviates the applicability of CPLR 509.
This court concludes that plaintiff improperly designated New York County as the place of trial, and under the facts presented, should have initiated this suit in Richmond County in the first instance because it is the only proper county for venue purposes. This would not have prevented plaintiff from *764 making her motions for a change of venue if she perceived that she could not obtain a fair and impartial trial. But for the considerations cited below, defendant’s motion would have been granted.
Notwithstanding any or all of the above, a more compelling factor to consider is the appearance of impropriety. The court concedes that the plaintiffs statements about defendant’s contacts, friends, notoriety and influence in the community and in politics are probably true. The court cannot, and will not, close its eyes to the real world.
The court does take issue with her statements concerning the effect of defendant’s prominence on the judiciary of Staten Island. The judiciary of Staten Island is independent and impartial, and its integrity is unquestioned. However, if defendant’s divorce were heard here, the public perception of same may raise questions of impropriety, nonexistent as it may be. It is also known that defendant’s sister is a Criminal Court Judge who has, in the past, served as an acting Supreme Court Justice in Richmond County, and continues to serve on the Criminal Court Bench here. Again, the court cannot close its eyes to facts which may create the mere appearance of impropriety.
The legal authorities for the proposition that the courts should avoid even the mere appearance of impropriety in proceedings before them are countless, and need not be cited here.
Accordingly, in the interest of judicial economy and in order to obviate any perception by the parties or the public as to judicial impartiality, the court deems it proper that this proceeding be retained in the IAS Part in New York County assigned to Justice Fingerhood, in order that the ends of justice be served.
Defendant’s motion to change the venue of this action designated by plaintiff is denied. Plaintiffs cross motion is granted to the extent that venue shall be retained in New York County. The Clerk of this court, after service upon him of a copy of this order with notice of entry, shall forthwith transfer all papers and proceedings in this matter to the Clerk of the Supreme Court of New York County for referral to Justice Fingerhood.