■ DIANA C. L. TOMASULO et al., Respondents, v SEYMOUR BERLAND, Appellant. [629 NYS2d 798] —In an action to recover damages for personal injuries, the defendant appeals from so

much of an order of the Supreme Court, Kings County (Huttner, J.), entered March 29, 1994, as, upon reargument, denied his motion pursuant to CPLR 510 to change venue from Kings County to either Westchester County or Dutchess County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted; and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, is directed to transfer the file of the action to the Clerk of the Supreme Court, Westchester County.

"Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff" (CPLR 503 [a]).

Inasmuch as none of the parties resided in Kings County at the time of the commencement of the action (although the plaintiffs did reside in New York State), it is clear that the plaintiffs' choice of venue in the first instance was improper. The plaintiffs accordingly forfeited their right to select the place of venue (see, Quach v Waldbaums, Inc., 202 AD2d 562; Cenziper v Gross, 175 AD2d 226). The Supreme Court therefore erred in denying the defendant's motion to transfer venue to Westchester County, where both plaintiffs resided at the time they commenced this action (see, CPLR 503 [a]). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.