SECOND DEPARTMENT, DECEMBER, 1999

(December 6, 1999)

■ VERNETTE ANDERSON, Respondent, v CHAD UNGAR et al., Appellants. [699 NYS2d 310] —In an action to recover damages for personal injuries, the defendants, Chad Ungar and J.R. Imports, Inc., appeal from an order of the Supreme Court, Kings County (Held, J.), dated June 2, 1999, which denied the motion of the defendant J.R. Imports, Inc., to change the venue of the action from Kings County to Nassau County.

Ordered that the appeal of the defendant Chad Ungar is dismissed, as he is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that on the appeal of J.R. Imports, Inc., the order is reversed, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the

Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see,* CPLR 511 [d]); and it is further,

Ordered that the appellant J.R. Imports, Inc., is awarded one bill of costs.

The plaintiff, a Nassau County resident, improperly placed the venue of this action in Kings County, where none of the parties reside, thereby forfeiting her right to designate venue (*see,* CPLR 503 [a]; *Tomasulo v Berland,* 217 AD2d 655; *Kirschner v Cusa,* 211 AD2d 665; *Kaplan v Waldbaum's Inc.,* 208 AD2d 683; *Nixon v Federated Dept. Stores,* 170 AD2d 659, 660). The plaintiff's reliance on CPLR 509 for designating the place of the accident as the venue of this action is misplaced as this section is not an independent basis for designating the proper venue. "It merely sets forth [a] rule that where a plaintiff designates venue, otherwise improper under CPLR 503, and no one moves for, or consents to, a change of venue, any judgment entered is not jurisdictionally defective" (*Murphy v Murphy,* 137 Misc 2d 760, 763). The appellant J.R. Imports, Inc., properly served a demand to change venue with its answer (*see,* CPLR 511 [a]), and timely moved to change venue to Nassau County, where the plaintiff resides (*see,* CPLR 503 [a]; 510, 511). The plaintiff did not establish any basis to retain venue in Kings County. Therefore, the court improvidently exercised its discretion in denying the motion (*see, Nixon v Federated Dept. Stores,* 170 AD2d 659, 660). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.