■ STEVEN BERGMAN, Appellant, v MATTHEW FIEL, Respondent. [783 NYS2d 309]—

In an action, inter alia, to recover damages for misappropriation of funds, the plaintiff appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated January 21, 2004, which granted the defendant's motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Rockland County to New York County.

Ordered that the order is affirmed, with costs.

The basis of venue designated in the summons filed with the Supreme Court, Rockland County, was the county of the defendant's residence. Prior to service of his answer, the defendant served a demand for change of venue pursuant to CPLR 511 followed by a motion pursuant to CPLR 510 (1) and 511 (b)

to change venue from Rockland County to New York County on the ground that he resided in New York County at the time of commencement of the action. The Supreme Court granted the defendant's motion.

The defendant's documentary evidence established that he had been residing in New York County for at least one year prior to the commencement of this action (*see Schaefer v Schwartz*, 226 AD2d 619, 620 [1996]; *cf. Merendino v Lloyd*, 172 AD2d 594, 595 [1991]). Furthermore, the defendant retained his residency in New York County even though he was incarcerated at the time this action was commenced (*see Iglesia v Iglesia*, 292 AD2d 424, 425 [2002]; *Farrell v Lautob Realty Corp.*, 204 AD2d 597, 598 [1994]). The plaintiff failed to rebut this evidence or to otherwise show that the county he initially specified was proper (*see Agostino Antiques v CGU-Am. Employers' Ins. Co.*, 6 AD3d 469, 470 [2004]). Accordingly, the Supreme Court properly granted the defendant's motion to change venue.

We decline to impose a sanction upon the plaintiff for pursuing a frivolous appeal, as requested by the defendant (*see* 22 NYCRR 130-1.1). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.