■ Tatiana Kuzmin, Appellant, v Lena Nevsky, Respondent. [858 NYS2d 254]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Dollard, J.), dated July 30, 2007, which granted the defendant's motion pursuant to CPLR 510 (1) and 511 to change venue from New York County to Queens County on the ground that New York County was not a proper county, and (2) an order of the same court also dated July 30, 2007, which denied her cross motion, in effect, to preclude the defendant from bringing her motion to change venue in the Supreme Court, Queens County.

Ordered that the orders are affirmed, with costs.

The plaintiff commenced this action in the Supreme Court, New York County, to recover damages for legal malpractice. The verified complaint alleged, however, that, at the time of the commencement of the action, the plaintiff was a resident of Queens County and the defendant was a resident of New Jersey. Consequently, venue in New York County was improper (*see* CPLR 503 [a]). Pursuant to CPLR 510 (1) and 511 (a) and (b), the defendant served a timely written demand upon the plaintiff that the action be tried in Queens County. In response, the plaintiff failed to serve a timely affidavit supporting venue in New York County (*see* CPLR 511 [b]), and her untimely affidavit in fact confirmed that venue was improper in New York County but proper in Queens County. The defendant's subsequent timely motion to change venue to Queens County, in support of which she submitted the verified complaint, was thus properly heard, and granted, in Queens County (*see* CPLR 511 [a], [b]; *Bergman v Fiel*, 12 AD3d 337, 337-338 [2004]; *Figueroa v Mari*, 5 AD3d 629, 629-630 [2004]; *Hughes v Nigro*, 108 AD2d 722, 723 [1985]; *Payne v Civil Serv. Empls. Assn.*, 15 AD2d 265, 268 [1961]; *cf. Agostino Antiques v CGU-American Employers' Ins. Co.*, 6 AD3d 469, 470 [2004]; *Anderson v Ungar*, 267 AD2d 186, 187 [1999]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.