[908 NYS2d 222]

HVT, Inc., Respondent, v Safeco Insurance Company of America, Appellant, et al., Defendant.

Second Department, September 14, 2010

---

**APPEARANCES OF COUNSEL**

*Jaffe & Asher, LLP*, New York City (*Marshall T. Potashner* and *Fred H. Bicknese* of counsel), for appellant.

*Webster Szanyi LLP*, Buffalo (*Thomas S. Lane* of counsel), for respondent.

**OPINION OF THE COURT**

DICKERSON, J.

Introduction

CPLR 511 (b) provides a mechanism pursuant to which a defendant may serve a demand to change the place of a trial upon the ground of improper venue to a county the defendant specifies as being proper. Under that section, after the defendant has served such a demand, and absent the plaintiff's timely consent, the defendant may file a motion to change the place of trial. The section further provides that the "[d]efendant may notice such motion to be heard as if the action were pending in the county he [or she] specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him [or her] is proper" (CPLR 511 [b]).

On this appeal, we must determine whether an affidavit served by a plaintiff in accordance with CPLR 511 (b) may be scrutinized to ensure that it does, in fact, "show[ ] either that the county specified by the defendant is not proper or that the county designated by him is proper," or if the mere service of such an affidavit, irrespective of its content, satisfies the plaintiff's burden. We hold that, while the sufficiency of the factual averments set forth in such affidavits may not be weighed, the contents of the affidavits may nonetheless be considered to confirm that the averments therein do indeed "show[ ] either that the county specified by the defendant is not proper or that the county designated by [the plaintiff] is proper" as required by the statute (CPLR 511 [b]).

Factual and Procedural Background

## The Complaint and Amended Complaint

The plaintiff, HVT, Inc., commenced this action against the defendant Safeco Insurance Company of America (hereinafter Safeco) by the filing of a summons and complaint dated June 23, 2009. In the complaint, the plaintiff stated that the defendant Anne Sullivan Polino (hereinafter Polino) leased a vehicle from it, and that the subject lease required her to obtain insurance which would cover it. According to the plaintiff, Safeco issued an insurance policy to nonparty Cosimo Polino, Polino's husband. The plaintiff claimed that Polino was also an insured under the policy.

After Polino was involved in a motor vehicle collision, nonparties Dennis Herdendorf and Nancy Herdendorf commenced an underlying personal injury action against both Polino and the plaintiff in the Supreme Court, Erie County (hereinafter the underlying action). According to the plaintiff, under the terms of the subject insurance policy, Safeco was obligated to defend it against any claim seeking damages payable under the terms of the policy, and to pay all defense costs.

The plaintiff claimed that, initially, the same attorney, presumably provided by Safeco, represented both it and Polino in the underlying action. However, as the underlying action proceeded, the plaintiff allegedly discovered certain facts, not disclosed here, which revealed that it would no longer be appropriate for the plaintiff and Polino to be represented by the same attorney.

On or about February 23, 2009 the plaintiff allegedly requested that Safeco provide it with separate counsel of its choosing in the underlying action, but Safeco refused.

In the first cause of action, the plaintiff sought a judgment declaring that Safeco was obligated to defend and indemnify it in the underlying action. In the second cause of action, the plaintiff claimed that Safeco breached its contractual duty under the policy to provide it with a defense in the underlying action. Accordingly, the plaintiff claimed that it was entitled to recover all damages incurred, including defense fees and expenses.

The plaintiff served a supplemental summons and an amended complaint dated August 5, 2009, adding Polino as a defendant. The plaintiff claimed that Polino was "an interested and necessary party in this action as she is a party to and the primary insured under the aforementioned policy of insurance and, in

addition, a defendant in the underlying action." The plaintiff did not make any additional allegations against Polino, other than stating, in the ad damnum clause, that it was entitled to "[s]uch similar and additional relief as the Court deems appropriate concerning the rights of Polino."

## Safeco's Demand for Change of Place of Trial

Approximately one month before the plaintiff served its amended complaint adding Polino as a defendant, Safeco served a demand for change of place of trial (see CPLR 511 [b]), dated July 8, 2009. Safeco demanded that the place of trial be changed from Erie County, in which it claimed the action had been improperly commenced, to Westchester County. In its demand, Safeco stated that neither the plaintiff nor Safeco had its principal place of business in Erie County. Safeco further observed that the plaintiff's principal place of business was in Westchester County.

In response to Safeco's demand, the plaintiff served an affidavit, sworn to by its attorney, Thomas S. Lane. Lane claimed that venue in Erie County was proper. He emphasized a number of factors which allegedly provided a nexus between this action and Erie County. However, there was no representation in the affidavit concerning the residence or principal place of business of either the plaintiff or Safeco.

## Safeco's Motion to Change Venue

By notice of motion dated July 17, 2009, Safeco moved, in Westchester County, pursuant to CPLR 503, 510 and 511, to change venue from Erie County to Westchester County. In support of its motion, Safeco submitted affidavits and other evidence to support its contention that Safeco had no offices and no place of business in Erie County, that the plaintiff's principal place of business in New York State was in Westchester County, and that, in fact, neither Safeco nor the plaintiff "resided" in Erie County. Safeco claimed that, in responding to its demand for change of place of trial, the plaintiff, by Lane's affidavit, failed to address the residence of the parties, which Safeco claimed was the only basis for venue in this action.

## The Plaintiff's Cross Motion

The plaintiff cross-moved to compel the hearing and determination, in Erie County, of Safeco's pending motion for change of venue. It also opposed Safeco's motion for a change of venue

and argued, in the alternative, for simply retaining venue in Erie County. The plaintiff contended that it was improper for Safeco to file its motion to change venue in Westchester County. The plaintiff argued that CPLR 511 (b) required that, where a plaintiff has served an "affidavit of proper venue," a motion to change venue must be filed in the county in which the action is pending.

The plaintiff further contended that the venue in Erie County was proper, observing that Polino, now a party to the action, resides in Buffalo, located in Erie County.

The plaintiff also asserted that the Supreme Court should retain venue in Erie County for a variety of reasons pertaining to the convenience of the witnesses and the nexus between Erie County and the underlying action.

In opposition to the plaintiff's cross motion, Safeco reiterated its contention that neither the plaintiff nor Safeco resided in Erie County. Thus, according to Safeco, Erie County was not a proper venue for this action. Safeco also asserted that the residency of Polino, who was added as a defendant some time after the commencement of this action, was irrelevant to the venue analysis, which hinges solely on the residence of the parties as of the date of the commencement of the action.

## The Order Appealed from

In an order dated October 6, 2009, the Supreme Court, Westchester County, inter alia, granted that branch of the plaintiff's cross motion which was to compel the hearing and determination, in Erie County, of Safeco's pending motion to change venue. The Supreme Court wrote that "as long as a plaintiff timely responds by affidavit to a defendant's Demand to Change Venue and prima facie establishes that venue in the county where the action was commenced is proper, any motion with respect thereto must be made in the County where the action is pending." Accordingly, the Supreme Court determined that it could not properly entertain Safeco's motion to change venue.

## Analysis

Safeco asserts on appeal that, since the original affidavit served by the plaintiff in response to Safeco's demand to change venue did not address the residency of either the plaintiff or Safeco, it was, for the purpose of CPLR article 5, the functional equivalent of having served no affidavit at all. Safeco claims that a party seeking either to avoid a change of venue, or to avoid having the motion to change venue heard in the county

specified by the movant, is required to set forth facts which would demonstrate that its choice of venue was proper, or that the movant's choice of venue is improper. Thus, Safeco maintains that, inasmuch as the plaintiff wished to maintain venue in Erie County, it was obligated in its affidavit to aver facts which would establish either that the plaintiff's or Safeco's residence was in Erie County and, thus, Erie County was a proper venue, or that Westchester was not a proper venue. According to Safeco, the plaintiff failed to meet this burden.

The plaintiff responds that, pursuant to CPLR 511 (b), Safeco was required to file its motion in the county of original venue, or Erie County. The plaintiff argues that, in response to Safeco's demand, it served an affidavit setting forth averments tending to support the venue it selected. The plaintiff claims that the sufficiency of an affidavit served in response to a demand to change venue may not be tested. Rather, it asserts that the mere service of such an affidavit mandates that the motion to change venue must be made in the county in which the action was commenced.

We find that, because it contained no representations whatsoever concerning the residency of the parties, the only basis for venue in this action (*see* CPLR 503), the affidavit served by the plaintiff in response to Safeco's demand for change of place of trial failed to show that the county designated by the plaintiff was proper. The affidavit also failed to set forth averments that would demonstrate that the county specified by Safeco was improper. As a result, Safeco was entitled to "notice such motion to be heard as if the action were pending in the county [Safeco] specified," that is, Westchester County (CPLR 511 [b]).

## Basis for Proper Venue in this Action

CPLR 503, entitled "Venue based on residence," provides the basis for venue in this action. That section provides, in part, "Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff" (CPLR 503 [a]). CPLR 503 (c) provides, in part, that "[a] domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located."

CPLR 511 (b)

CPLR 511 (b) is entitled "Demand for change of place of trial upon ground of improper venue, where motion made." It provides,

"The defendant shall serve a written demand that the action be tried in a county he specifies as proper. Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper" (CPLR 511 [b]).

Here, it is undisputed that Safeco served its demand for change of place of trial on July 8, 2009. It is also undisputed that the plaintiff served an affidavit, sworn to by Thomas S. Lane on or about July 13, 2009. Safeco does not claim that the plaintiff failed to timely respond to its demand within five days after service of the demand (*see* CPLR 511 [b]). Rather, the sole issue presented on this appeal is whether the mere service of the affidavit was sufficient to defeat Safeco's right to have its motion considered in Westchester County, to which it sought to have venue transferred, or if the contents of the plaintiff's affidavit could be examined to determine whether it succeeded in "showing either that the county specified by the defendant is not proper or that the county designated by [the plaintiff] is proper" (CPLR 511 [b]).

The Supreme Court, in the order appealed from, relied on *Ludlow Valve Mfg. Co. v S. S. Silberblatt, Inc.* (14 AD2d 291 [1961]). On appeal, the plaintiff premises much of its argument on this case, which was decided in 1961 by the Appellate Division, First Department (hereinafter the First Department). As explained in *Ludlow Valve*, the Judicial Council, in its Seventh Annual Report (1941), recommended the adoption of rule 146 of the Rules of Civil Practice, entitled "Demand for change of place of trial," the predecessor to CPLR 511. Rule 146 of the Rules of Civil Practice stated, in part,

"If the plaintiff fail [*sic*] to serve upon the defend-

ant, within five days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option, for the purposes of such motion, regard the county which he claims is the proper one as the county in which the action is triable within the meaning of rule sixty-three of these rules, and he may accordingly make the motion in the judicial district embracing such county, or in an adjoining county as provided in rule sixty-three" (Rules Civ Prac rule 146).

In *Ludlow Valve*, the First Department, quoting the Judicial Council's report (at 296), stated,

"In order to avoid confusion and to protect the courts against being swamped with collateral motions, no opportunity is afforded the defendant, under the proposal, for testing the sufficiency of any affidavit served pursuant thereto. The mere service of the affidavit will be sufficient to preclude the defendant from making his motion in what he claims is the proper county" (14 AD2d at 293-294 [internal quotation marks omitted]).

Considering the circumstances in the case before it, the First Department continued,

"Where, as in the instant case, plaintiff has submitted an affidavit containing averments tending to support plaintiff's choice of the place of trial and opposing the demanded change of venue, we hold that, for the purpose of determining jurisdiction to entertain a motion for a change of venue, the weight or sufficiency of the averments is immaterial. At that juncture, the mere filing of such an affidavit mandates that the motion for a change of the place of trial be made in the judicial district in which the action was brought" (*id.* at 294).

In holding that the affidavit submitted by the plaintiff in *Ludlow Valve* prevented the defendant from having its motion heard in New York County, to which the defendant sought to have venue changed, the First Department "in no way pass[ed] on the adequacy of its averments to withstand a motion for

change of venue made in the proper county" (*id.*). The First Department "conclude[d] only that under the language and spirit of rule 146, defendant could not, in effect, pass upon the sufficiency of the plaintiff's affidavit and, by treating the affidavit as a nullity, make its motion in New York County" (*id.*).

Later in the same year that the First Department decided *Ludlow Valve*, the Appellate Division, Third Department (hereinafter the Third Department), decided *Payne v Civil Serv. Empls. Assn.* (15 AD2d 265 [1961]), on which Safeco relies on this appeal. In *Payne*, the plaintiff commenced an action in New York County, and, on the summons, stated that he resided in New York County (*id.* at 266). The defendant timely served a demand to change the place of trial to Albany County, on the grounds that the plaintiff resided in Albany County, the principal office of the association on behalf of which the plaintiff commenced the action was in Albany County, and the principal office and place of business of the defendant was in Albany County (*id.* at 266-267). The plaintiff subsequently served an amended complaint stating that the place of trial would be Bronx County (*id.* at 267). Thereafter, in purported compliance with rule 146, the plaintiff served an affidavit stating that he resided in Bronx County, but did not address the other two grounds advanced by the defendant to support its argument that Albany County was the proper venue for the action (*id.*). The defendant thereafter moved in Albany County to change venue from either New York or Bronx County to Albany County, and the Supreme Court, Albany County, granted the motion (*id.*).

The Third Department affirmed, stating that "[the plaintiff's] own affidavit under rule 146, while denying an Albany residence, also negatived his prior assertion of residence in New York County and did not controvert nor, indeed, refer in anyway to the [two] additional grounds set forth in the demand" (*id.*). Thus, according to the Third Department, "the affidavit set forth no 'facts showing either that [Albany] County . . . is not the proper one or that [New York] County . . . is the proper one' (rule 146)" (*id.*).

The Third Department continued,

> "We find unsound [the plaintiff's] further contention that the mere service of his affidavit, although it set forth none of the facts required by rule 146, deprived defendant of the right to move in Albany

County, as permitted by the rule in case 'plaintiff fail to serve . . . an affidavit which shall set forth facts showing either' that, in this case, New York was the proper county or that Albany was not. The affidavit served was, in our view, 'equivalent to no affidavit at all' and, indeed, to give it any effect would be to nullify the salutary rule" (*id.* at 268).

The Third Department explained that its determination was not inconsistent with the First Department's decision in *Ludlow Valve*, stating, in this regard,

"In context . . . it is clear that the [*Ludlow Valve*] decision did not turn on the mere existence of a paper designated, or in form constituting an affidavit, but that the 'sufficiency' referred to, and as to which examination was inhibited, was the sufficiency of the *factual averments* set forth in the affidavit made pursuant to rule 146; as plaintiff had, in fact, 'submitted an affidavit containing averments tending to support plaintiff's choice of the place of trial', and the court held 'that, for the purpose of determining jurisdiction to entertain a motion for a change of venue, *the weight or sufficiency of the averments is immaterial.*' (p. 294.) . . . In the case before us, averments of residence are required but such averments 'tending to support plaintiff's choice', or purporting to do so, are completely lacking and hence there are no averments to weigh. The rule allows defendant to move 'in the county which he claims is the proper one, provided there is no dispute between the parties as to whether such county is the proper one' and '*it is to be assumed that there is no dispute*' if plaintiff shall fail to serve an affidavit 'which shall set forth facts showing either that the county named by the defendant is not the proper one or that the county previously designated by the plaintiff as the place of trial is the proper one'. (Seventh Annual Report of N.Y. Judicial Council, 1941, p. 296; emphasis supplied.)" (*Payne v Civil Serv. Empls. Assn.*, 15 AD2d at 268-269).

Based, inter alia, on the statutory text, its underlying purpose, and our consideration of the relevant case law, we find that Safeco is correct that the plaintiff's affidavit in response to its demand was inadequate to prevent Safeco from having its motion heard in Westchester County. The relevant language in rule

146 was similar to the language at issue here, set forth in CPLR 511 (b), which expressly requires that an affidavit served by a plaintiff in response to a defendant's demand for change of place of trial must "show[ ] either that the county specified by the defendant is not proper or that the county designated by [the plaintiff] is proper." Thus, there is obviously a statutory requirement applicable to the content of such an affidavit. The Third Department in *Payne* correctly determined, essentially, that the plaintiff's mere service of a document denominated an affidavit in that case, regardless of content, was inadequate, as its content utterly failed to make the necessary showing (*see* CPLR 511 [b]; *Payne v Civil Serv. Empls. Assn.*, 15 AD2d at 268). Since the affidavit in *Payne* failed to make the showing required by CPLR 511 (b), the Third Department properly concluded that the affidavit was a nullity (*id.*).

Further, we conclude that the Third Department's discussion of *Ludlow Valve* was persuasive. The Third Department properly interpreted the statement in *Ludlow Valve* that "the weight or sufficiency of the averments is immaterial" (*Ludlow Valve Mfg. Co. v S. S. Silberblatt, Inc.*, 14 AD2d at 294), to signify that "the 'sufficiency' referred to, and as to which examination was inhibited, was the sufficiency of the factual averments set forth in the affidavit" (*Payne v Civil Serv. Empls. Assn.*, 15 AD2d at 268).

Thus, the Third Department was correct in concluding that a plaintiff's mere service of a document denominated an affidavit would be insufficient to satisfy that plaintiff's obligation under CPLR 511 (b) or its predecessor. In the instant case, if the plaintiff's interpretation of CPLR 511 and *Ludlow Valve* were correct, a plaintiff could satisfy the requirements of CPLR 511 (b) by serving a document denominated an affidavit, regardless of whether it contained any statements or representations having any bearing whatsoever on proper venue. This would be an illogical result.

The Judicial Council's concern that a defendant would have no opportunity to test the factual sufficiency of a plaintiff's affidavit, as the First Department concluded in *Ludlow Valve*, does not contradict the Third Department's reading of that case. It is true that, if defendants were permitted to challenge the factual averments in these types of affidavits, the courts could, indeed, be overwhelmed with collateral arguments and applications. However, the requirements of the statute can neither be ignored nor satisfied by service of an affidavit containing no representa-

tions whatsoever concerning proper venue. This would both be illogical and contrary to the express terms of CPLR 511 (b), which require a plaintiff to make specific showings. Nonetheless, this is precisely the plaintiff's position—that the contents of the affidavit may not be scrutinized in any way, provided that an affidavit is served.

This Court's body of case law does not directly address the issue. However, our relevant cases, some of which cite *Ludlow Valve* and others of which cite *Payne*, support the conclusion we reach today.

In *United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc. v Young Men's & Young Women's Hebrew Assn., Inc.* (30 AD3d 504, 505 [2006]), this Court, citing *Ludlow Valve*, stated that "[t]he plaintiff served a timely and *prima facie sufficient* affidavit in opposition to that demand, *showing that New York County was a proper venue for this action*" (emphasis added). Thus, we recognized a need for judicial inquiry into the facial sufficiency of such an affidavit.

In *Hughes v Nigro* (108 AD2d 722, 723 [1985]), this Court relied on *Ludlow Valve* for the proposition that

> "if, within five days after service of the defendant's demand for a change of venue, the plaintiff services an affidavit *showing either that the county specified by the defendant is not proper or that the county specified by the plaintiff is proper*, that motion must be made in the county in which the plaintiff had designated that the trial take place, subject to the rules with respect to motions in adjoining counties" (emphasis added).

In *Kuzmin v Nevsky* (51 AD3d 639, 640 [2008]), this Court relied on *Payne* in stating,

> "In response [to the defendant's demand for change of place of trial], the plaintiff failed to serve a timely affidavit *supporting venue in New York County (see CPLR 511[b]), and her untimely affidavit in fact confirmed that venue was improper in New York County but proper in Queens County*. The defendant's subsequent timely motion to change venue to Queens County, in support of which she submitted the verified complaint, was thus properly heard, and granted, in Queens County" (emphasis added).

In *Meyers v New York State Div. of Hous. & Community Renewal* (32 AD2d 818, 818 [1969]), this Court, again relying on *Payne*, stated,

> "Irrespective of the issue as to how this conflict is ultimately to be resolved, the mere service of the affidavit by appellants (*which clearly tended to support their choice of venue*) was sufficient to preclude respondent village from moving in Nassau County; and the motion herein should properly have been made returnable in New York County" (emphasis added).

In all of these cases, there is no consideration of the "sufficiency" of the factual averments set forth in the affidavits served by the plaintiffs. However, it is clearly required that the averments in the affidavits must facially support the plaintiff's choice of venue, or defeat the defendant's choice.

Accordingly, under the case law as well as the express language of CPLR 511 (b), we conclude that such affidavits must be examined not to evaluate the sufficiency of the factual averments therein, but to determine that the averments do indeed "show[ ] either that the county specified by the defendant is not proper or that the county designated by [the plaintiff] is proper" (CPLR 511 [b]). As with a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), where the relevant averments must, essentially, be accepted as true (*see e.g. Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 145 [2009]), the averments in a CPLR 511 (b) affidavit must be accepted as true. The averments, however, must be prima facie sufficient to support the plaintiff's choice of venue, or undermine the defendant's choice of venue.

## Jurisdiction to Entertain Safeco's Motion

Here, the plaintiff, in its affidavit, failed to make the showing required by CPLR 511 (b) to defeat Safeco's right to have its motion to change venue heard and determined in Westchester County. When the plaintiff commenced this action, when the defendant served its demand, and when the plaintiff, in response, served its affidavit, the plaintiff and Safeco were the only parties to the action. Although the plaintiff added Polino, a Buffalo resident and an allegedly necessary party, as a defendant by serving an amended complaint approximately one month after Safeco served its

demand, no relief was sought against her, and it does not appear that she would have any knowledge of any facts relevant to this action.

In any event, for purposes of this appeal, the effect, if any, of the addition of Polino and her status as a resident of Erie County need not be determined, as she was not a party at the times relevant to the issues before us (*see* CPLR 511 [b] ["the defendant may move to change the place of trial *within fifteen days after service of the demand* . . . Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff *within five days after service of the demand* serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper" (emphasis added)]). Moreover, pursuant to CPLR 503, "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided *when it was commenced*" (CPLR 503 [a] [emphasis added]).

Under the circumstances of this case, residency was the sole consideration as to proper venue (*see* CPLR 503 [a], [c]). In such a case, "averments of residence are required" to appear in the plaintiff's responsive affidavit served pursuant to CPLR 511 (b) (*Payne v Civil Serv. Empls. Assn.*, 15 AD2d at 268).

Safeco, in its demand for change of place of trial, claimed that venue in Erie County was improper, and sought venue to be changed to Westchester County. Safeco also claimed that Westchester County would be a proper venue pursuant to CPLR 503 (c). According to Safeco, neither party had its principal place of business in Erie County when the action was commenced, and the plaintiff's principal place of business was in Westchester County.

In the affidavit served by the plaintiff in response to Safeco's demand, the plaintiff's attorney made no representations whatsoever concerning residency of either of the parties or how their residency affected the propriety of venue in Westchester County. Thus, the plaintiff's affidavit failed to make the showing required by statute (*see* CPLR 511 [b]; 503; *cf. Kuzmin v Nevsky*, 51 AD3d at 640 [the plaintiff failed to serve a timely affidavit supporting venue in New York County, and her untimely affidavit in fact confirmed that venue was improper in New York County, but proper in Queens County]).

The affidavit of the plaintiff's attorney included a number of statements allegedly indicating why venue in Erie County

was proper. However, none of these pertained to the residency of either party. Rather, they pertained to facts and circumstances relevant to the underlying action and their nexus to Erie County. These contentions would have been more relevant had they been advanced in connection with a motion to change the place of trial to promote "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]), "minimum contacts" analysis in considering whether to exercise jurisdiction over a nonresident (*see International Shoe Co. v Washington*, 326 US 310 [1945]; *Zottola v AGI Group, Inc.*, 63 AD3d 1052 [2009]), or opposition to a motion to dismiss based on forum non conveniens (*see* CPLR 327 [a]). Under the circumstances of this case, the contentions were not relevant to a determination as to whether Erie County was a proper venue in the first instance.

Since the plaintiff, in response to Safeco's demand, failed to submit an affidavit making the necessary showing, Safeco was entitled to "notice [its] motion to be heard as if the action were pending in the county [it] specified" (CPLR 511 [b]). Accordingly, contrary to the determination in the order appealed from, the Supreme Court, Westchester County, was required to hear and determine Safeco's motion (*id.*). Thus, the Supreme Court erred in granting that branch of the plaintiff's cross motion which was to require Safeco's pending motion to change venue to be heard in Erie County.

Conclusion

In light of the plaintiff's failure to serve a timely, facially sufficient affidavit, Safeco was entitled to have its motion to change venue heard in Westchester County. Accordingly, the order is reversed insofar as appealed from, on the law, that branch of the plaintiff's cross motion which was to compel the hearing and determination, in Erie County, of Safeco's pending motion pursuant to CPLR 503, 510 and 511 to change venue of the action from Erie County to Westchester County is denied, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of Safeco's motion to change venue.

MASTRO, J.P., BELEN and ROMAN, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's cross motion which was to compel the hearing and determination, in Erie County, of the pending motion of the defendant Safeco Insurance Company of America pursuant to CPLR 503, 510 and

511 to change venue of the action from Erie County to Westchester County is denied, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of the motion to change venue.