■ AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., Doing Business as ABC SUPPLY CO., on Behalf of Themselves and All Others Similarly Situated, Respondent, v CAPITALAND HOME IMPROVEMENT SHOWROOM, LLC, et al., Appellants. [11 NYS3d 80]—

In an action pursuant to Lien Law § 77 to enforce a trust, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 6, 2014, which denied their motion pursuant to CPLR 510 (1) to change the venue of the action from Nassau County to Saratoga County.

Ordered that the order is reversed, on the law, with costs, the motion to change the venue of the action from Nassau County to Saratoga County is granted, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Saratoga County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff, a foreign corporation authorized to conduct

business in New York, commenced this action in the Supreme Court, Nassau County, on the basis that it resided in that county. The defendants promptly demanded that venue be changed to Saratoga County, the residence of the defendant Capitaland Home Improvement Showroom, LLC, on the ground that the plaintiff was not a resident of Nassau County because it had designated New York County as the location of its principal office in the application for authorization to conduct business in New York that it had filed with the Secretary of State. In response, the plaintiff insisted that venue in Nassau County was proper because it maintained a principal place of business there. The defendants then moved in Saratoga County to change venue from Nassau County to Saratoga County. The Supreme Court, Saratoga County, denied the motion, without prejudice to resubmission in Nassau County, upon determining that the motion was improperly made returnable in Saratoga County because the plaintiff had timely served an affidavit "showing . . . that the . . . county designated by [it] is proper" (CPLR 511 [b]). The defendants then promptly moved in the Supreme Court, Nassau County, to change venue. The court denied the motion because it was made after an order of class certification had been issued in the action. We reverse and grant the motion to change the venue of the action to Saratoga County.

Notwithstanding the plaintiff's assertions to the contrary, it is a resident of New York County for venue purposes. Indeed, the law is clear that "[f]or purposes of venue, the sole residence of a foreign corporation is the county in which its principal office is located, *as designated in its application for authority to conduct business filed with the State of New York*" (*Ashjian v Orion Power Holdings, Inc.*, 9 AD3d 440, 440 [2004] [emphasis added]), regardless of where it transacts business or maintains its actual principal office (*see* CPLR 503 [c]; Business Corporation Law § 102 [a] [10]; *Negron v Nouveau El. Indus., Inc.*, 104 AD3d 655 [2013]; *Bailon v Avis Rent A Car*, 270 AD2d 439 [2000]; *Marko v Culinary Inst. of Am.*, 245 AD2d 212 [1997]; *Di Giovanni v Pepsico, Inc.*, 91 AD2d 519 [1982]; *General Precision v Ametek, Inc.*, 24 AD2d 757 [1965]). We note that, since the plaintiff's response to the defendants' demand to change venue failed to set forth factual averments that were prima facie sufficient to show that its designation of Nassau County for trial of the action was proper, the defendants were authorized to notice their motion to change venue to be heard in Saratoga County (*see* CPLR 511 [b]; *HVT, Inc. v Safeco Ins. Co. of Am.*, 77 AD3d 255 [2010]; *Kuzmin v Nevsky*, 51 AD3d 639 [2008]; *cf. King v CSC Holdings, LLC*, 123 AD3d 888 [2014];

*Schwartz v Yellowbook, Inc.*, 118 AD3d 691 [2014]; *7 Columbus Ave. Corp. v Town of Hempstead*, 85 AD3d 1038 [2011]). Further, the defendants are not responsible for the delay occasioned by the denial of their motion by the Supreme Court, Saratoga County.

In view of the foregoing circumstances, the Supreme Court should have granted the defendants' motion to change the venue of the action from Nassau County to Saratoga County, despite the fact that an order granting class certification had already been issued in the action. Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.