■ IRENE L. MEYERS et al., Appellants, v. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Defendant, and INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Respondent.— Appeal by plaintiffs from an order of the Supreme Court, Nassau County, entered November 19, 1968, which granted defendant Incorporated Village of Rockville Centre's motion to change the place of trial of the action from New York County to Nassau County on the ground that the county designated by plaintiffs was improper. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied, without prejudice to renewal thereof in a proper county. In response to respondent village's demand for a change of venue from New York County to Nassau County, appellants timely served an affidavit alleging New York County to be proper in that defendant New York State Division of Housing and Community Renewal "has principal offices" within that county. The village thereafter made the motion in Nassau County for the change of venue. Were appellants proceeding against defendant New York State Division of Housing and Community Renewal alone, venue could properly be laid in New York County (CPLR 505, subd. [a]). However, actions against villages are to be brought in the county where the village is situated (CPLR 504, subd. 2; Village Law, § 341-e). As a result of the joinder of parties defendant, there is a conflict in the venue provisions. Under the circumstances, "the court, upon motion, shall order as the place of trial one proper under this article as to at least one of the parties" (CPLR 502). Irrespective of the issue as to how this conflict is ultimately to be resolved, the mere service of the affidavit by appellants (which clearly tended to support their choice of venue) was sufficient to preclude respondent village from moving in Nassau County; and the motion herein should properly have been made returnable in New York County (CPLR 511, subd. [b]; *Chuttick* v. *Collins,* 20 A D 2d 640; *Ludlow Valve Mfg. Co.* v. *S. S. Silberblatt, Inc.,* 14

A D 2d 291). In our opinion, *Payne* v. *Civil Serv. Employees Assn.* (15 A D 2d 265) is not to the contrary. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.