■ TRI-CITY FURNITURE DIST., INC., Appellant, v BARNEY REUBENS et al., Respondents.—Order unanimously reversed, with costs, and motion denied, without prejudice to renewal in the proper county. Memorandum: Special Term (Monroe County) erred in granting defendants' motion for change of venue from Albany County to Monroe County. Defendants on June 28, 1979 served by mail their demand for change of venue on the ground that Albany County was not the proper venue. Plaintiff timely served an affidavit alleging that Albany County was the proper county (CPLR 2103, subd [b], par 2). Therefore, defendants were required to make their motion for change of venue in the county designated by plaintiff or in an adjoining county (CPLR 511, subd [b]; 2212, subd [a]; see *Allstate Ins. Co. v J. D. Whiting, Inc.*, 71 AD2d 1053). (Appeal from order of Monroe Supreme Court—change of venue.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JORDAN, Appellant.—Judgment unanimously affirmed. Assigned counsel's motion to withdraw granted *(People v Crawford*, 71 AD2d 38). (Appeal from judgment of Erie County Court—attempted rape, first degree.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.