■ WILBERT WILLIAMS, Appellant, v ALBANY MEDICAL CENTER HOSPITAL et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered April 16, 1981 in Albany County, which granted defendant Powers' motion for a change of venue from Kings County to Albany County, and (2) from an order of said court, entered July 6, 1981 in Albany County, which denied reargument. This is an action for money damages based on alleged medical malpractice. Plaintiff established venue of the action in Kings County. On November 18, 1980, defendant Powers mailed to plaintiff a notice of appearance and a demand for a change of venue in which it was alleged that Kings County was not a proper county as none of the defendants resided in Kings County, the cause of action arose in Albany County and the availability of material witnesses and the ends of justice would be promoted by the change of venue. In an affidavit which states that it was sworn to on November 25, 1980, plaintiff's attorney averred that plaintiff resided at the time the action was commenced and still resides at a specific address in Kings County and thus venue in Kings County was proper. According to an affidavit of service, this affidavit of proper county was mailed to defendants' attorneys on November 24, 1980. Defendant Powers thereafter moved in Albany County to change venue to Albany County. Special Term granted the motion on the ground that due to calendar congestion in the New York City metropolitan counties, a change of venue to Albany County would afford the parties a more prompt resolution of the case. Plaintiff's motion for reargument was denied and these appeals ensued. Pursuant to CPLR 511 (subd [b]), defendant Powers could have noticed the motion for a change of venue to be heard in Albany County unless plaintiff, within five days after service of the demand, served an affidavit showing either that the county specified by defendant was not proper or that the county designated by him was proper. Consequently, if plaintiff met the requirements of this section, the motion could not be properly heard in Albany County (*Tri-City Furniture Dist. v Reubens,* 79 AD2d 886; *Quinn v Stuart Lakes Club,* 53 AD2d 775). It is argued, however, that the affidavit of proper county sworn to by plaintiff's attorney was not served within five days after service of the demand. Defendant Powers maintains that service was not made until November 25, 1980, even though the affidavit of service states that service was made on November 24, 1980. The demand for change of venue was served by mail on November 18, 1980. Accordingly, the time within which to serve the affidavit of proper county was extended to eight days (CPLR 2103, subd [b], par 2). Service of the affidavit of proper county was therefore timely even if service was not made until November 25, 1980. Defendant Powers also maintains that the affidavit of proper county was insufficient to meet the

requirements of CPLR 511 (subd [b]) in that it was an affidavit of plaintiff's attorney rather than an affidavit by plaintiff himself. We are of the opinion that an attorney may submit an affidavit of proper county on behalf of the party he represents (see Seventh Ann Report of NY Judicial Council, 1941, p 297). The order which granted defendant Powers' motion for a change of venue must, therefore, be reversed, but without prejudice to renewal of the motion in a proper county. Concerning the denial of plaintiff's motion for reargument, we would note that such denial is not appealable (*Matter of Hooker v Town Bd. of Town of Guilderland*, 60 AD2d 684). However, in view of our reversal of the order granting a change of venue, the appeal of the order denying reargument should be dismissed as academic. Order entered April 16, 1981, reversed, on the law, without costs, and motion denied without prejudice to renewal thereof in the proper county. Appeal from order entered July 6, 1981, dismissed as academic, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.