■ THELMA VOORHEES, as Administratrix of the Estate of GEORGE VOORHEES, Deceased, Respondent, v BABCOCK & WILCOX CORPORATION, Appellant, et al., Defendant.—In an action to recover damages for wrongful death, the defendant Babcock & Wilcox Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated January 29, 1988, as, upon renewal, denied that branch of the motion of the defendant Wheelabrator Corp. which was for a change of venue on the basis of the convenience of witnesses.

Ordered that the order is modified, on the law, by adding thereto a provision granting leave to the defendants to renew the motion in New York County; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The plaintiff commenced the present action in the Supreme Court, New York County, on the basis that the appellant's place of business is located in that county. The codefendant Wheelabrator Corp. subsequently made a motion in the Supreme Court, Westchester County, for a change of venue as of right, pursuant to the procedure outlined in CPLR 511 (b). The appellant joined in that motion. The motion was denied by order dated September 23, 1987 on the basis that the plaintiff's choice of venue was proper, since the appellant had listed New York County as the location of its office in a certificate filed pursuant to Business Corporation Law § 1304 *(see,* CPLR 503 [c]; *General Precision v Ametek, Inc.,* 24 AD2d 757; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 503.06). No appeal was taken from this order.

The order dated September 23, 1987, recites that it was made without prejudice to "renewal" upon affidavits setting forth, *inter alia,* the names and addresses of prospective

witnesses. Thereafter the codefendant Wheelabrator Corp. moved for a discretionary change of venue pursuant to CPLR 510 and, although the appellant did not make any cross motion, the affidavit of its counsel in support of the prior motion was annexed as an exhibit, and was thus before the court on the motion to renew. Under these circumstances, we consider the appellant to have joined in the codefendant's motion, and hence to have been aggrieved by the denial of this motion (CPLR 5511).

We modify the order of the Supreme Court, made upon renewal, so as to permit the defendants to renew their motion for a discretionary change of venue in the proper county. The second motion for a change of venue, which was addressed to the court's discretion, was not properly made in Westchester County. A motion to change venue on discretionary grounds, unlike motions made as of right, must be made in the county in which the action is pending, or in any county in that judicial district, or in any adjoining county (CPLR 2212 [a]; *Matter of D.M.C. Constr. Corp. v Nash Steel Corp.,* 70 AD2d 635, 637; *Nevelson v Piesner,* 272 App Div 555; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 511:1, at 136; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 511.04). The Supreme Court, Westchester County, erred in reaching the merits of the defendant's second motion and should have referred the motion to the Supreme Court, New York County. We modify the order accordingly. Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.