■ In the Matter of INTERNATIONAL SUMMIT EQUITIES CORP., Respondent, v JOHN VAN SCHOOR et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Babylon Planning Board, dated December 27, 1988, which denied the petitioner's application for site plan approval, the appeal is from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated April 11, 1989, which granted the petition, annulled the Board's determination, and denied the appellants' cross motion for a change of venue.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was, and is, the owner of certain real property located on the northeast corner of Wellwood Avenue and Spiegelhagen Street, North Lindenhurst, Suffolk County. The property was improved by an existing shopping center. In August 1984 the petitioner submitted to the appellant members of the Town of Babylon Planning Board (hereinafter the Board), an application for site plan approval for the construction of an additional building in the parking lot of the center and for general improvements thereto. After a public hearing, the Board denied the application, citing traffic and environmental concerns.

Thereafter, the petitioner commenced a prior proceeding pursuant to CPLR article 78 in the Supreme Court, Nassau County, challenging the Board's determination. By judgment dated July 22, 1985, the court granted the petition and annulled the Board's determination, finding no rational basis for

the denial. The court noted that the proposed plan satisfied or exceeded every requirement of the relevant ordinances, and that the sole reason for the denial appeared to have been inspired by concerns of undesirability expressed by local residents and political leaders. In addition to deciding the merits, the court also denied the Board's motion for a change of venue from Nassau County to Suffolk County.

The Board subsequently gave approval to the plan and issued the necessary building permits in compliance with the court's judgment. Thereafter, intervening litigation arose which prevented the petitioner from beginning construction (see, Sunrise Plaza Assocs. v International Summit Equities Corp., 152 AD2d 561). By the time this litigation concluded, the building permits had expired, and the Board required the petitioner to submit an entirely new application. Under protest, the petitioner submitted a second site plan which, except for minor differences, was identical to its first. After first voting to approve this plan, the Board rescinded its approval and set the matter down for a public hearing.

At that hearing, the petitioner again presented several prominent expert witnesses, all of whom testified that the proposed development satisfied or exceeded each and every requirement of all applicable town ordinances. Also, as with the first set of hearings, there was significant emotional opposition from local residents and politicians. After the hearing, the Board again rejected the petitioner's application, again citing "significant environmental and traffic concerns".

The petitioner then commenced the instant proceeding in the Supreme Court, Nassau County, and the Board cross-moved for a change of venue.

We reject the appellants' contention that the court improvidently exercised its discretion in not transferring venue. While proceedings pursuant to CPLR article 78 preferably should be heard and determined in the county in the judicial district in which the matter sought to be reviewed originated, or where the material events occurred (see, Matter of Lefkowitz v Beame, 52 AD2d 925), CPLR 506 (b) specifically provides that "[a] proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of" (emphasis added). Since Nassau and Suffolk Counties are both within the Tenth Judicial District (see, NY Const, art VI, § 6; Judiciary Law § 140), venue within Nassau County was permissible. Additionally, given the extent of local opposition to the plan, we find that the court was justified in retaining venue.

We also reject the appellants' contention that the court improperly determined the merits of the petition. Given that the petitioner's plan was identical to the one previously submitted, the Supreme Court's prior decision should be considered res judicata on the merits *(see, Brown v Lockwood,* 76 AD2d 721). Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.