■ KRISTEN REVY, Respondent, v SKI WINDHAM OPERATING CORP., Appellant. [633 NYS2d 45] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garry, J.), dated June 21, 1994, which denied its motion pursuant to CPLR 501 to change the venue of the action from Kings County to Greene County.

Ordered that the order is affirmed, with costs.

When, as here, venue is in an improper county, a party who wishes to change venue as of right must serve a demand to change the place of trial to the proper county before the service of a responsive pleading is due (*Matter of D.M.C. Constr. Corp. v Nash Steel Corp.*, 70 AD2d 635). Because the defendant in this case failed to serve such a demand, it is foreclosed from obtaining a change of venue as of right, and the issue is left to the court's discretion (*see, Losicco v Gardner's Vil.*, 97 AD2d 535). Moreover, the affidavit submitted by the defendant in support of its motion to change venue was insufficient to establish entitlement to a change of venue based on the convenience of material witnesses (*see,* CPLR 510 [3]; *Matter of O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169). Thus, the court's denial of the defendant's motion was not an improvident exercise of discretion. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.