In the Matter of PHOENIX INSURANCE COMPANY, Sued Herein as TRAVELERS INSURANCE COMPANY, Appellant, v JOSE CASTENEDA et al., Respondents. TRUMBULL INSURANCE COMPANY et al., Proposed Additional Respondents. [731 NYS2d 224] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated February 21, 2001, which, *sua sponte,* dismissed the petition without prejudice to the filing of a new petition in a proper county.

Ordered that on the Court's own motion, the appellant's no-

tice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Pursuant to CPLR 7502 (a) (i), a proceeding to stay arbitration must be brought in the county where the party seeking arbitration resides or does business, unless the arbitration agreement designates a particular venue. The petitioner commenced this proceeding to stay arbitration of an uninsured motorist claim in Nassau County. The respondent Jose Casteneda resides in Queens County and it is unclear where the respondent Luis Ayala resides. Concluding that venue was improperly placed in Nassau County, the Supreme Court, *sua sponte,* dismissed the petition without prejudice to the filing of a new petition in a proper county.

The petitioner correctly contends that the Supreme Court erred in dismissing the petition. CPLR 509 and 510 authorize a court to change venue only upon motion or consent. Therefore, a court may not *sua sponte* transfer venue (*see, Nixon v Federated Dept. Stores,* 170 AD2d 659). While the specific venue provisions of CPLR 7502 (a) (i) supersede the general venue provisions for special proceedings (*see,* CPLR 506), the CPLR article 5 procedures for changing venue are applicable to this proceeding (*see,* CPLR 103 [b]; 105 [b]). Consequently, in the absence of a motion or consent, the court had no authority to *sua sponte* change venue. It could not, in effect, do so by dismissing the petition without prejudice to the filing of a new petition in a proper county.

Further, CPLR 7502 (a) (i) is a venue provision. It does not affect the jurisdiction of the court (*see, Benson v Eastern Bldg. & Loan Assn.,* 174 NY 83, 86-87; *Callanan Indus. v Sovereign Constr. Co.,* 44 AD2d 292, 295). Consequently, there was no jurisdictional basis for dismissal. Contrary to the court's conclusion, its inherent power to control its calendar does not include the authority to *sua sponte* dismiss an allegedly improperly venued proceeding. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.