■ ROSEMARIE IGLESIA, Appellant, v JOSE IGLESIA, Respondent. [738 NYS2d 895] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Dillon, J.), entered July 18, 2001, which, upon determining that venue had been improperly placed, sua sponte, stayed the action pending its discontinuance and the commencement of a new action in a proper county, and, in effect, declined to reach the merits of her motion for summary judgment on the cause of action for divorce.

Ordered that on the Court's own motion, that portion of the notice of appeal which purports to be from so much of the order

as, sua sponte, stayed the action is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The plaintiff, who resides in New Jersey, commenced this action for a divorce pursuant to Domestic Relations Law § 170 (3). The defendant was personally served at Sing Sing prison in Westchester County where he was incarcerated, and he submitted a pro se answer. When the plaintiff moved for summary judgment, the Supreme Court, sua sponte, raised the issue of venue, and concluded that the plaintiff's choice of venue in Westchester County was improper, as neither party resided in that county (*see,* CPLR 503 [a]). The defendant apparently resided in Kings County prior to his incarceration, and, as a general rule, he would retain that residence when he entered prison (*see, Farrell v Lautob Realty Corp.,* 204 AD2d 597; *see also, Matter of Corr v Westchester County Dept. of Social Servs.,* 33 NY2d 111, 115). The Supreme Court denied the plaintiff's motion and stayed the action indefinitely pending her discontinuance of the action and the commencement of a new action in a proper county. We reverse.

Pursuant to CPLR 509 and 510, the Supreme Court may not, sua sponte, change the venue of an action in the absence of a motion or consent (*see, Matter of Phoenix Ins. Co. v Casteneda,* 287 AD2d 507; *Matter of Travelers Indem. Co. of Ill. v Nnamani,* 286 AD2d 769; *Nixon v Federated Dept. Stores,* 170 AD2d 659). The Supreme Court therefore had no authority to change venue in this case, and it could not do so, in effect, by staying the action indefinitely until the plaintiff commenced a new action in a different county. Furthermore, the venue provisions of CPLR article 5 are not jurisdictional and provide no basis for the denial of the plaintiff's motion for summary judgment (*see, Matter of Phoenix Ins. Co. v Casteneda, supra; Matter of Travelers Indem. Co. of Ill. v Nnamani, supra*).

Accordingly, the order is reversed, and the matter is remitted to the Supreme Court, Westchester County, for determination of the plaintiff's motion for summary judgment on the merits. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.