■ BANK OF NEW YORK, Appellant, v ELANCE, INC., et al., Respondents. [765 NYS2d 270] —In an action to recover on a promissory note and guarantee, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 2, 2002, as, sua sponte, transferred the venue of the action from Westchester County to New York County.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]), and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

In the absence of a motion or consent, a court may not, sua sponte, change the venue of an action (*see Iglesia v Iglesia,* 292

AD2d 424, 425 [2002]; *Matter of Phoenix Ins. Co. v Casteneda,* 287 AD2d 507, 508 [2001]; *Matter of Travelers Indem. Co. of Ill. v Nnamani,* 286 AD2d 769, 770 [2001]). Contrary to the Supreme Court's conclusion, it does not have the inherent power "to control the utilization of the limited judicial resources of [Westchester County]" by, sua sponte, changing venue (*see Matter of Travelers Indem. Co. of Ill. v Nnamani, supra*). Further, the plaintiff properly commenced this action in Westchester County in accordance with the terms of the promissory note and guarantee sued upon (*see* CPLR 501).

Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Westchester County, for a determination of the merits of the plaintiff's renewed motion for leave to enter a judgment against the defendants upon their default in appearing and answering. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.