■ RICHARD RUBENS, Appellant, v RODNEY FUND et al., Respondents. [805 NYS2d 640]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sgroi, J.), dated September 16, 2004, which granted the defendants' motion pursuant to CPLR 510 (1) to change the venue of the action from the Supreme Court, New York County, to the Supreme Court, Suffolk County.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the motion is denied, with leave to the defendants to move, within 30 days of service upon

them of a copy of this decision and order, in the Supreme Court, New York County, pursuant to CPLR 510 (3), for a change of venue for the convenience of witnesses, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

The plaintiff commenced this action in the Supreme Court, New York County, to recover damages for breach of contract. The summons predicated this selection of venue, inter alia, on the basis of the "defendants' residence and place of business, 41 St. Mark's Place, New York, New York." Before serving their answer, the defendants served a demand to change the place of trial to Suffolk County. The plaintiff neither consented to this change nor served an affidavit showing that Suffolk County was not a proper county or that New York County was a proper one. Consequently, the defendants moved in Supreme Court, Suffolk County, as they were free to do pursuant to CPLR 511 (b), for a change of venue on the ground that New York County was not a proper county (see CPLR 510 [1]). In opposition to the motion, the plaintiff demonstrated that the individual defendant resides in New York County and the defendant Pomp Agency transacts business from an office in New York County. In their reply, the defendants contended that the convenience of material witnesses would be served by a transfer of venue to Suffolk County. The Supreme Court granted the defendants' motion as if it had been made upon the ground of convenience of material witnesses (see CPLR 510 [3]).

It was error to grant relief upon a ground not raised in the original notice of motion and to rely upon facts raised in reply papers (see Sanz v Discount Auto, 10 AD3d 395 [2004]; Matter of TIG Ins. Co. v Pellegrini, 258 AD2d 658 [1999]; Dannasch v Bifulco, 184 AD2d 415, 417 [1992]).

The motion to change venue could be made in the Supreme Court, Suffolk County, only on the ground that New York County was not a proper county (see CPLR 510 [1]), and not on the ground that venue in Suffolk County would serve the convenience of witnesses (CPLR 510 [3]; see Voorhees v Babcock & Wilcox Corp., 150 AD2d 677, 678 [1989]; Nevelson v Piesner, 272 App Div 555 [1947]; Siegel, NY Prac § 124 at 217 [4th ed]). Whatever may be the merits of a motion pursuant to CPLR 510 (3) to change venue for the convenience of witnesses, it should have been brought in New York County or a county contiguous thereto (see CPLR 2212; Voorhees v Babcock & Wilcox Corp., supra).

The parties have not argued the point in the Supreme Court, Suffolk County, nor before us, but we reach it in the exercise of our discretion because it appears on the face of the record and could not have been avoided or explained if raised in the Supreme Court (*see Weiner v MKVII-Westchester*, 292 AD2d 597, 598 [2002]).

Moreover, since there was no merit to the motion as actually made pursuant to CPLR 510 (1) because New York County was not shown to be an improper county for venue, we reverse the order appealed from and deny the motion with leave to the defendants to move within 30 days of service upon them of a copy of this decision and order in the Supreme Court, New York County, pursuant to CPLR 510 (3) for a change of venue for the convenience of witnesses. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.