UNITED JEWISH APPEAL-FEDERATION OF JEWISH PHILANTHROPIES OF NEW YORK, INC., Appellant, v YOUNG MEN'S AND YOUNG WOMEN'S HEBREW ASSOCIATION, INC., Respondent, et al., Defendants. [817 NYS2d 352]—

In an action, inter alia, for a judgment declaring that a certain notice terminating a contract of sale is null and void, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 7, 2006, which granted the motion of the defendant Young Men's and Young Women's Hebrew Association pursuant to CPLR 507 and 511 (b) to transfer venue from the Supreme Court, New York County, to the Supreme Court, Putnam County, and denied its cross motion, inter alia, to stay further proceedings in the Supreme Court, Putnam County.

Ordered that the order is reversed, on the law, with costs, the motion is denied with leave to the defendant Young Men's and Young Women's Hebrew Association to move, within 30 days upon service of them of a copy of this decision and order, in the Supreme Court, New York County, pursuant to CPLR 507 and

511 to transfer venue, the cross motion is denied as academic, and the Clerk of the Supreme Court, Putnam County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff commenced this action in New York County. Before serving its answer, the defendant Young Men's and Young Women's Hebrew Association (hereinafter the Association) served a demand to transfer venue from New York County to Putnam County on the ground that, pursuant to CPLR 507, Putnam County was the proper venue (*see* CPLR 511 [a], [b]). The plaintiff served a timely and prima facie sufficient affidavit in opposition to that demand, showing that New York County was a proper venue for this action (*see* CPLR 511 [b]; 2103 [b] [2]; 510 [3]; *Ludlow Valve Mfg. Co. v S.S. Silberblatt, Inc.*, 14 AD2d 291, 294 [1961]). Thereafter, the Association made a motion in the Supreme Court, Putnam County, to transfer venue of this action from New York County to Putnam County.

Based on CPLR 511 (b), the Association was required to make its motion to transfer venue in the Supreme Court, New York County, where the action was pending (*see* *Rubens v Fund*, 23 AD3d 636, 637 [2005]). Accordingly, the Supreme Court, Putnam County, lacked jurisdiction to hear and determine the Association's motion to transfer venue (*see* CPLR 511 [b]; *Hughes v Nigro*, 108 AD2d 722, 723 [1985]).

In light of the forgoing, the plaintiff's cross motion, inter alia, to stay further proceedings in the Supreme Court, Putnam County, is denied as academic. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.