■ 7 COLUMBUS AVENUE CORP. et al., Appellants, v TOWN OF HEMPSTEAD, Respondent, and RIECO PROPERTIES, INC., et al., Respondents-Defendants. [926 NYS2d 576]—

In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town of Hempstead to enforce a certain provision of the Hempstead Town Code and remove a certain wall obstructing the petitioners' right-of-way, and action, inter alia, in effect, for a judgment declaring that the plaintiffs are entitled to the unrestricted use of that right-of-way that provides access to their real property, the petitioners-plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered December 15, 2010, as granted the motion of the Town of Hempstead to change venue from the Supreme Court, Suffolk County, to the Supreme Court, Nassau County.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the motion of the Town of Hempstead to change venue of the proceeding pursuant to CPLR article 78 from the Supreme Court, Suffolk County, to the Supreme Court, Nassau County, is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent-defendant Town of Hempstead to the appellants, and the motion of the

respondent-defendant Town of Hempstead to change venue from the Supreme Court, Suffolk County, to the Supreme Court, Nassau County, is denied.

The petitioners-plaintiffs commenced this hybrid proceeding and action in the Supreme Court, Suffolk County. The respondent/defendant Town of Hempstead (hereinafter the Town) served a demand to transfer venue from Suffolk County to Nassau County. The petitioners-plaintiffs served an affidavit in response to the demand in which they set forth the factual and legal basis for their assertion that Suffolk County constituted a proper venue. Thereafter, the Town moved in the Supreme Court, Nassau County, to change venue from Suffolk County to Nassau County. In the order appealed from, the Supreme Court, Nassau County, among other things, granted the Town's motion. We reverse the order insofar as appealed from.

"CPLR 511 (b) provides a mechanism pursuant to which a defendant may serve a demand to change the place of a trial upon the ground of improper venue to a county the defendant specifies as being proper" (*HVT, Inc. v Safeco Ins. Co. of Am.*, 77 AD3d 255, 256 [2010]). If the plaintiff does not consent to the change, "the defendant may move to change the place of trial within fifteen days after service of the demand" (CPLR 511 [b]). The "[d]efendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing . . . that the county designated by him is proper" (*id.*).

Here, in response to the Town's demand to change venue, the petitioners-plaintiffs timely served an affidavit containing factual averments that were "prima facie sufficient to support [their] choice of venue" (*HVT, Inc. v Safeco Ins. Co. of Am.*, 77 AD3d at 267; *see* CPLR 506 [b]; *Matter of International Summit Equities Corp. v Van Schoor*, 166 AD2d 531, 531 [1990]; *see also Meyers v New York State Div. of Hous. & Community Renewal*, 32 AD2d 818, 818 [1969]; *Ludlow Valve Mfg. Co. v S. S. Silberblatt, Inc.*, 14 AD2d 291, 294 [1961]). Accordingly, the Town's subsequent motion to change venue should have been made returnable in the Supreme Court, Suffolk County, and the Supreme Court, Nassau County, lacked jurisdiction to hear and determine the motion (*see United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc. v Young Men's & Young Women's Hebrew Assn., Inc.*, 30 AD3d 504, 505 [2006]; *Hughes v Nigro*, 108 AD2d 722, 723 [1985]; *Meyers v New York State Div. of Hous. & Community Renewal*, 32 AD2d at 818).

In light of the foregoing, we need not reach the petitioners/ plaintiffs' remaining contentions. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.