■ ROBERT A. SCHWARTZ, Respondent, v YELLOWBOOK, INC., Formerly Known as YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC., Appellant. [986 NYS2d 840]—

Appeal by Yellowbook, Inc., formerly known as Yellow Book Sales and Distribution Company, Inc., from an order of the Supreme Court, Richmond County (Fusco, J.), dated January 18, 2013, which granted the motion of Robert A. Schwartz pursuant to CPLR 510 (1) and (3) to change the venue of an action commenced in the Supreme Court, Nassau County, under index No. 601646/12, entitled *Yellowbook, Inc. v Robert A. Schwartz, P.C.*, to the Supreme Court, Richmond County, and directed the Clerk of the Supreme Court, Nassau County, to transfer the file in the action to the Clerk of the Supreme Court, Richmond County.

Ordered that the order is reversed, on the law, with costs, the motion of Robert A. Schwartz pursuant to CPLR 510 (1) and (3) to change venue is denied with leave to renew that branch of the motion which was pursuant to CPLR 510 (3) in the Supreme Court, Nassau County, and the Clerk of the Supreme Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511 [d]).

The appellant, Yellowbook, Inc., formerly known as Yellow Book Sales and Distribution Company, Inc., commenced an action against, among others, Robert A. Schwartz, in the Supreme Court, Nassau County. Before serving an answer, Schwartz served a demand to transfer venue from Nassau County to Richmond County on the ground that Nassau County was not a proper venue (see CPLR 511 [a], [b]). The appellant served a timely affirmation with supporting proof in response to that demand showing that Nassau County was a proper venue for the action. More than 1½ months after serving his demand, Schwartz moved in the Supreme Court, Richmond County, to transfer venue of the action from Nassau County to Richmond County pursuant to CPLR 510 (1) and (3).

That branch of Schwartz's motion which was to change venue pursuant to CPLR 510 (3) based on discretionary grounds was improperly made in the Supreme Court, Richmond County. A motion to change venue on discretionary grounds, unlike motions made as of right, must be made in the county in which the action is pending, or in any county in that judicial district, or in any adjoining county (see CPLR 2212 [a]; *Voorhees v Babcock & Wilcox Corp.*, 150 AD2d 677 [1989]; *Matter of D.M.C. Constr. Corp. v Nash Steel Corp.*, 70 AD2d 635, 637 [1979]). Schwartz was therefore required to make a motion pursuant to CPLR 510 (3) in Nassau County, where the action was pending, in another county in the 10th Judicial District, or in a county contiguous to Nassau County (see *Rubens v Fund*, 23 AD3d 636, 637 [2005]). Since Nassau County and Richmond County are not contiguous, and Richmond County is not in the 10th Judicial District, the Supreme Court, Richmond County, erred in granting that branch of the motion which was pursuant to CPLR 510 (3) (see *7 Columbus Ave. Corp. v Town of Hempstead*, 85 AD3d 1038, 1039 [2011]; *United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc. v Young Men's & Young Women's Hebrew Assn., Inc.*, 30 AD3d 504, 505 [2006]; *Rubens v Fund*, 23 AD3d at 637).

Furthermore, that branch of Schwartz's motion which was

pursuant to CPLR 510 (1) to change venue based on an allegedly improper county was untimely made, as it was not served within 15 days after service of his demand for a change of venue (*see* CPLR 511 [b]; *Kallas v Costello*, 90 AD3d 997 [2011]; *Wilkerson v 134 Kitty's Corp.*, 49 AD3d 718 [2008]). In addition, in response to Schwartz's demand for a change of venue, the appellant served a timely affirmation with supporting proof that was, prima facie, sufficient to support its choice of venue as of right in the Supreme Court, Nassau County (*see* CPLR 503 [c]; 511 [b]; 2103 [b] [2]; 2106; *7 Columbus Ave. Corp. v Town of Hempstead*, 85 AD3d at 1039; *HVT, Inc. v Safeco Ins. Co. of Am.*, 77 AD3d 255, 266-267 [2010]; *United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc. v Young Men's & Young Women's Hebrew Assn., Inc.*, 30 AD3d at 505). Accordingly, that branch of Schwartz's motion which was pursuant to CPLR 510 (1) also should have been made in the Supreme Court, Nassau County, where the action was pending, and the Supreme Court, Richmond County, erred in granting that branch of the motion as well (*see 7 Columbus Ave. Corp. v Town of Hempstead*, 85 AD3d at 1039; *United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc. v Young Men's & Young Women's Hebrew Assn., Inc.*, 30 AD3d at 505). Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.