◼ CRYSTAL KING, Appellant, v CSC HOLDINGS, LLC, et al., Respondents. [1 NYS3d 139]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered October 23, 2013, as granted the defendants' motion pursuant to CPLR 510 (1) to change the venue of the action from Kings County to Nassau County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion pursuant to CPLR 510 (1) to change venue is denied with leave to renew in the Supreme Court, Kings County, and the Clerk of the Supreme

Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

"CPLR 511 (b) provides a mechanism pursuant to which a defendant may serve a demand to change the place of a trial upon the ground of improper venue to a county the defendant specifies as being proper" (*HVT, Inc. v Safeco Ins. Co. of Am.*, 77 AD3d 255, 256 [2010]). If the plaintiff does not consent to the change, "the defendant may move to change the place of trial within fifteen days after service of the demand" (CPLR 511 [b]). The defendant may notice such motion to be heard as if the action were pending in the county he or she specified, unless the plaintiff, within five days after service of the demand, serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by the plaintiff is proper (*see id.*).

Here, in response to the defendants' demand to change venue, the plaintiff timely served an affidavit of her attorney containing factual averments that were prima facie sufficient to show that the county designated by her was proper (*see* CPLR 503 [a]; 511 [b]; *7 Columbus Ave. Corp. v Town of Hempstead*, 85 AD3d 1038, 1039 [2011]; *United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc. v Young Men's & Young Women's Hebrew Assn., Inc.*, 30 AD3d 504, 505 [2006]; *Hughes v Nigro*, 108 AD2d 722, 723 [1985]; *Williams v Albany Med. Ctr. Hosp.*, 86 AD2d 915, 916 [1982]). Accordingly, the defendants' motion pursuant to CPLR 510 (1) should have been made in the Supreme Court, Kings County, where the action was pending, and the Supreme Court, Nassau County, erred in granting the motion (*see Schwartz v Yellowbook, Inc.*, 118 AD3d 691, 693 [2014]).

We do not reach the defendants' challenge to the form of the plaintiff's affidavit of proper county, as it is improperly raised for the first time on appeal (*see Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097, 1099 [2010]). Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.