■ IOURII MINENKO et al., Appellants, v SWINGING BRIDGE CAMP GROUNDS OF N.Y., INC., et al., Respondents. [63 NYS3d 914]—

Rose, J. Appeal from an order of the Supreme Court (Schick, J.), entered July 11, 2016 in Sullivan County, which granted defendants' motion to change venue from Kings County to Sullivan County.

Plaintiffs commenced this action in Kings County, where they reside, asserting causes of action for, among other things, deceptive business practices based upon their exclusion from camping sites that they rented from defendants in Sullivan County. Following joinder of issue, defendants moved in Sullivan County to change venue from Kings County to Sullivan County on the basis that the material witnesses who would testify in this action are all located in Sullivan County (see CPLR 510 [3]). Plaintiffs opposed the motion, alleging, among other things, that the motion should have been brought in Kings County. Ultimately, Supreme Court granted defendants' motion to change venue, and this appeal ensued.

It is well-settled that a motion to change venue on a discretionary ground, such as the convenience of material witnesses pursuant to CPLR 510 (3), "must be made in the county in which the action is pending, or in any county in that judicial district, or in any adjoining county" (Schwartz v Yellowbook, Inc., 118 AD3d 691, 692 [2014]; see CPLR 2212 [a]; Rubens v Fund, 23 AD3d 636, 637 [2005]; Matter of D.M.C. Constr. Corp. v Nash Steel Corp., 70 AD2d 635, 637 [1979], appeal dismissed 49 NY2d 1040 [1980]; Wachunas v Demas, 43 AD2d 979, 979 [1974]; see also Siegel, NY Prac § 124 at 223-224 [5th ed 2011]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C511:3 at 255-257; compare CPLR 511 [b]). Here, it is undisputed that the action is pending in Kings County and that Sullivan County is not in the same judicial district as Kings County nor is it an adjoining county. In light of this, we find that defendants failed to bring their motion in a proper county and, thus, Supreme Court should not have entertained the motion (see Schwartz v Yellowbook, Inc., 118 AD3d at 692; Voorhees v Babcock & Wilcox Corp., 150 AD2d 677, 678 [1989]).

Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied with leave to renew on the same papers in Kings County, and the Supreme Court Clerk of Sullivan County is directed to deliver to the Supreme Court Clerk of Kings County all papers related to this action.