Fensterman v Joseph (2018 NY Slip Op 04532)





Fensterman v Joseph


2018 NY Slip Op 04532


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-11884
 (Index No. 7367/15)

[*1]Howard Fensterman, et al., plaintiffs-respondents,
v
Stanley Joseph, as executor of the estate of Martin Farbenblum, deceased, et al., appellants, et al., defendant.


Jaspan Schlesinger, LLP, Garden City, NY (Steven R. Schlesinger of counsel), appellants.
Steven Cohn, P.C., Carle Place, NY, for plaintiffs-respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated September 24, 2015. The order granted the plaintiffs' motion pursuant to CPLR 510(3) to change venue of an action pending in Ulster County to Nassau County for the convenience of witnesses.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion pursuant to CPLR 510(3) to change venue of the action pending in Ulster County to Nassau County for the convenience of witnesses is denied, with leave to renew in the Supreme Court, Ulster County.
On or about November 6, 2014, the appellants (hereinafter collectively the Ulster plaintiffs) commenced an action against the plaintiffs named herein (hereinafter collectively the Fensterman parties) in the Supreme Court, Ulster County (hereinafter the Ulster County Action). Approximately four months later, two of the Fensterman parties, Robert Fensterman and Patrick Formato, commenced an action against two of the plaintiffs in the Ulster County Action, Martin Farbenblum and Anthony Bacchi, in the Supreme Court, Nassau County (hereinafter the Nassau County Action).
The Ulster plaintiffs filed a motion in the Ulster County Action on or about April 7, 2015, seeking to consolidate the two actions and place venue in Ulster County. The Fensterman parties opposed the motion, which was fully submitted on or about May 28, 2015.
Thereafter, on August 17, 2015, the Fensterman parties moved by order to show cause in the Supreme Court, Nassau County, pursuant to CPLR 510(3) to change venue of the Ulster County Action to Nassau County for the convenience of witnesses. The Ulster plaintiffs opposed the change in venue. In an order dated September 24, 2015, the Supreme Court, Nassau County, granted the motion, and the Ulster plaintiffs appeal.
It is undisputed that, pursuant to CPLR 503(a), venue of the Ulster County Action is properly in Ulster County, where Bacci, one of the Ulster plaintiffs, resided at the time the action was commenced (see O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 171). A motion to change [*2]venue on discretionary grounds, unlike motions made as of right, must be made in the county in which the action is pending, or in any county in that judicial district, or in any adjoining county (see CPLR 2212[a]; Minenko v Swinging Bridge Camp Grounds of N.Y., Inc., 155 AD3d 1413; Schwartz v Yellowbook, Inc., 118 AD3d 691, 692; Rubens v Fund, 23 AD3d 636, 637). The Fenstermen parties, therefore, were required to make a motion pursuant to CPLR 510(3) either in Ulster County, where the Ulster County Action was pending, in another county in the 3rd Judicial District, or in a county contiguous to Ulster County (see CPLR 2212[a]; Minenko v Swinging Bridge Camp Grounds of N.Y., Inc., 155 AD3d 1413; Schwartz v Yellowbook, Inc., 118 AD3d at 692; Rubens v Fund, 23 AD3d at 637). Since Ulster County and Nassau County are not contiguous, and Nassau County is not in the 3rd Judicial District, the Fensterman parties' motion to change venue pursuant to CPLR 510(3) based on discretionary grounds was improperly made in the Supreme Court, Nassau County (see Minenko v Swinging Bridge Camp Grounds of N.Y., Inc., 155 AD3d 1413; Schwartz v Yellowbook, Inc., 118 AD3d at 692; Rubens v Fund, 23 AD3d at 637-638). Although not argued by the parties in the Supreme Court, Nassau County, but argued on appeal, we reach this issue in the exercise of our discretion because it appears on the face of the record and could not have been avoided or explained if raised in the Supreme Court (see Rubens v Fund, 23 AD3d at 638; see also Coscia v Jamal, 156 AD3d 861).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court, Nassau County, should have denied the plaintiffs' motion pursuant to CPLR 510(3) to change venue of the Ulster County Action to Nassau County for the convenience of witnesses, with leave to renew in the Supreme Court, Ulster County.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court