Matter of Bistrian Land Corp. v Lynch (2019 NY Slip Op 02339)





Matter of Bistrian Land Corp. v Lynch


2019 NY Slip Op 02339


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-08880
 (Index No. 2296/17)

[*1]In the Matter of Bistrian Land Corp., et al., appellants,
v
Stephen Lynch, etc., et al., respondents.


Lynn, Gartner, & Dunne, LLP, Mineola, NY (Kenneth L. Gartner and Tiffany D. Frigenti of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioners/plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered August 1, 2017. The order granted the motion of the respondents/defendants to change the venue of the proceeding/action from Nassau County to Suffolk County.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the motion of the respondents/defendants to change the venue of the proceeding pursuant to CPLR article 78 from Nassau County to Suffolk County is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The petitioners/plaintiffs (hereinafter the petitioners), who owned certain real property located in the Town of East Hampton, commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief (hereinafter the proceeding) against the respondents/defendants, the Town, Stephen Lynch, Superintendent of Highways for the Town, and Larry Cantwell, Supervisor of the Town (hereinafter collectively the Town respondents). The Town respondents moved to change the venue of the proceeding from Nassau County to Suffolk County. In an order entered August 1, 2017, the Supreme Court granted the motion. The petitioners appeal.
We agree with the Supreme Court's determination to grant the Town respondents' motion to change the venue of the proceeding from Nassau County to Suffolk County. "[W]here mandatory provisions are in conflict, other factors, such as where the action was first commenced, and discretionary grounds for a change in or retention of venue, may be considered" (Rampe v Giuliani , 227 AD2d 605, 606 [citations omitted]; see CPLR 502; see also 3Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 510.09; Town of Hempstead v City of New York , 88 Misc 2d 366 [Sup Ct, Nassau County]). "[C]ourts are often pragmatic in ascertaining what constitutes a proper county for [*2]venue purposes" (3Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 510.10).
Here, venue in Nassau County was authorized, inter alia, as it is located in the same judicial district as Suffolk County, where the petitioners allege the Town "refused to perform the duty specifically enjoined upon [it] by law" (CPLR 506[b]; see NY Const, art VI, § 6; Judiciary Law § 140; CPLR 7804[b]; Matter of International Summit Equities Corp. v Van Schoor , 166 AD2d 531, 532). However, since the subject property, the Town respondents, and the petitioners' principal place of business all were located in Suffolk County, and the alleged acts and omissions on which the petitioners' claims were based occurred in Suffolk County, the Supreme Court providently exercised its discretion in granting the motion to change venue to Suffolk County.
The petitioners' remaining contention is without merit.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court