Allen v Morningside Acquisition I, LLC (2022 NY Slip Op 03219)





Allen v Morningside Acquisition I, LLC


2022 NY Slip Op 03219


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2021-01387
 (Index No. 605135/20)

[*1]Virginia Allen, etc., appellant, 
v
Morningside Acquisition I, LLC, respondent.


Dalli & Marino, LLP (John Dalli and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and for violation of Public Health Law § 2801-d, the plaintiff appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated February 9, 2021. The order granted the defendant's motion to change the venue of the action from Bronx County to Nassau County.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion to change the venue of the action from Bronx County to Nassau County is denied, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Bronx County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
The plaintiff, as administrator of the estate of Dorothy Shaw (hereinafter the decedent), commenced this action against an entity that owned and operated a nursing home located in Bronx County. The complaint sought to recover damages for personal injuries and for violation of Public Health Law § 2801-d. The action was commenced in Bronx County. With respect to the basis of venue, the complaint alleged that Bronx County was the plaintiff's residence and the location where the acts alleged in the complaint occurred.
The defendant interposed an answer in Bronx County, and subsequently moved, in the Supreme Court, Nassau County, pursuant to CPLR 501, 509, and 511, to change the venue of the action from Bronx County to Nassau County. The basis for the change of venue was a forum selection clause contained in an admission agreement which allegedly was signed by the decedent's great grandson, Theodore Allen, a nonparty to this action.
The plaintiff opposed the defendant's motion, arguing, among other things, that CPLR 511(b) did not authorize the defendant to notice the motion to change venue in Nassau County. Since the motion to change venue was made in the "wrong county," the plaintiff contended that it should be denied. The plaintiff alternatively argued that the defendant failed to properly authenticate the admission agreement and failed to demonstrate that it was otherwise enforceable in this action (see generally Andreyeva v Haym Solomon Home for the Aged, LLC, 190 AD3d 801, [*2]802).
In the order appealed from, the Supreme Court, Nassau County, granted the defendant's motion to change the venue of the action from Bronx County to Nassau County. The plaintiff appeals.
As relevant here, CPLR 501 provides that, with limited exception, "[a] written agreement fixing place of trial, made before an action is commenced, shall be enforced upon a motion for change of place of trial." As the express language of CPLR 501 indicates, the enforcement of a contractual venue selection clause may not be raised sua sponte, but rather, must be raised by motion or otherwise settled on consent of the parties (see CPLR 501, 509, 511[d]; Matter of Travelers Indem. Co. of Ill. v Nnamani, 286 AD2d 769, 770; Nixon v Federated Dept. Stores, 170 AD2d 659, 660).
Indeed, CPLR 509 provides that "[n]otwithstanding any provision of [CPLR article 5], the place of trial of an action shall be in the county designated by the plaintiff, unless the place of trial is changed to another county by order upon motion, or by consent as provided in [CPLR 511(b)]." Accordingly, even if a plaintiff has "selected an improper county for the place of trial, the action will, nevertheless, be tried in that county unless the defendant[ ] object[s]" (Callanan Indus. v Sovereign Constr. Co., 44 AD2d 292, 294). There is no jurisdictional impediment to such a trial (see Matter of Travelers Indem. Co. of Ill. v Nnamani, 286 AD2d at 770).
CPLR 510 sets forth grounds on which a motion to change venue may be made (see id. § 510[1]-[3]). As relevant here, the statute sets forth a special procedure to be used when a defendant moves to change venue on the ground that the venue selected by the plaintiff is not proper (see id. § 510[1]). This special procedure requires the defendant to, among other things, serve a timely demand on the plaintiff prior to making a motion to change venue (see id. § 511[a], [b]). If the defendant correctly follows the statutory demand procedure (see id.), the plaintiff is provided with a brief opportunity to submit an "affidavit" in response to the defendant's demand to change venue (id. § 511[b]). If the plaintiff fails to properly serve a sufficient affidavit in opposition to a proper demand, the statute authorizes the defendant to "move to change the place of trial" (id.), and "[to] notice such motion to be heard as if the action were pending in the county [the defendant] specified" in the demand (id.; see HVT, Inc. v Safeco Ins. Co. of Am., 77 AD3d 255, 269).
Here, the defendant failed to comply with the special demand procedure set forth in CPLR 511(a) and (b). Although a defendant is not required to utilize the special procedure set forth in CPLR 511(a) and (b) when it seeks to enforce a contractual forum selection clause pursuant to CPLR 501 (see Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 652; Karlsberg v Hunter Mtn. Ski Bowl, Inc., 131 AD3d 1121, 1122), a defendant that fails to comply with the requirements of that special procedure lacks the authority to notice the motion in its specified venue pursuant to CPLR 511(b) (see Schwartz v Yellowbook, Inc., 118 AD3d 691, 693; United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc. v Young Men's & Young Women's Hebrew Assn., Inc., 30 AD3d 504, 505; Revy v Ski Windham Operating Corp., 220 AD2d 568, 569; Hughes v Nigro, 108 AD2d 722, 723-724; Burch v Phillips, 88 AD2d 896, 896-897; Matter of D.M.C. Constr. Corp. v Nash Steel Corp., 70 AD2d 635, 637; Callanan Indus. v Sovereign Constr. Co., 44 AD2d at 294-295; Ludlow Valve Mfg. Co. v S. S. Silberblatt, Inc., 14 AD2d 291, 294). Under such circumstances, and without more, "[t]he preferred practice is to move in the county in which the objectionable venue was laid" (Matter of D.M.C. Constr. Corp. v Nash Steel Corp., 70 AD2d at 637; see Fensterman v Joseph, 162 AD3d 855, 856-857; Minenko v Swinging Bridge Camp Grounds of N.Y., Inc., 155 AD3d 1413, 1413; Schwartz v Yellowbook, Inc., 118 AD3d at 693).
The authorities cited by the defendant are in accordance with these general principles (see Caio v Throgs Neck Rehabilitation & Nursing Ctr., 197 AD3d 1030; Hendricks v Wayne Ctr. for Nursing & Rehabilitation, 194 AD3d 648; Grant v United Odd Fellow, 187 AD3d 440; Martin v Workmen's Circle Multicare Ctr., 171 AD3d 490; Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651; Karlsberg v Hunter Mtn. Ski Bowl, Inc., 131 AD3d 1121; 
Bhonlay v [*3]Raquette Lake Camps, Inc., 120 AD3d 1015; Pittman v Maher, 202 AD2d 172). This Court has stated that "[w]here . . . a motion to change venue . . . is made in the 'wrong county' and timely objection is raised to the improper venue of the motion itself, Special Term should deny the motion" (Matter of D.M.C. Constr. Corp. v Nash Steel Corp., 70 AD2d at 637). Contrary to the defendant's contention, neither CPLR 501 nor CPLR 511(b) provided a basis for it to notice the motion in Nassau County.
Accordingly, the Supreme Court should have denied the defendant's motion to change the venue of the action from Bronx County to Nassau County.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court