Golfinopoulos v Gerasimou (2022 NY Slip Op 05996)

Golfinopoulos v Gerasimou

2022 NY Slip Op 05996

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2020-09392
 (Index No. 713252/20)

[*1]Kostas Golfinopoulos, respondent, 
v
Angelo Gerasimou, et al., appellants, et al., defendant.

Sweeney, Reich & Bolz, LLP, Lake Success, NY (Michael H. Reich and Rashel M. Mehlman of counsel), for appellants.
The Abramson Law Group, PLLC, New York, NY (Mitchell Shenkman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants Angelo Gerasimou, Thomas Zoitas, Shanghai Enterprises, LLC, and A & T Assets, LLC, appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered December 3, 2020. The order denied those defendants' motion pursuant to CPLR 510(1) and 511 to change the venue of the action from New York County to Queens County.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in the Supreme Court, New York County, on the basis that the defendant Preston A. Leschins resided in that county (see CPLR 503[a]). On July 31, 2020, the defendants Angelo Gerasimou, Thomas Zoitas, Shanghai Enterprises, LLC, and A & T Assets, LLC (hereinafter collectively the Gerasimou defendants), served a demand pursuant to CPLR 511 for a change of venue from New York County to Queens County, the residence of the plaintiff and some of the defendants, on the ground that none of the defendants resided in New York County. Three days later, on August 3, 2020, the plaintiff served an affidavit in response to the demand to change venue. Thereafter, the Gerasimou defendants moved in the Supreme Court, Queens County, pursuant to CPLR 510(1) and 511 to change the venue of the action from New York County to Queens County. In an order entered December 3, 2020, the Supreme Court, Queens County, denied the motion on the ground that it should have been made in New York County. The Gerasimou defendants appeal.
"CPLR 511(b) provides a mechanism pursuant to which a defendant may serve a demand to change the place of a trial upon the ground of improper venue to a county the defendant specifies as being proper" (HVT, Inc. v Safeco Ins. Co. of Am., 77 AD3d 255, 256). If the plaintiff does not consent to the change, "the defendant may move to change the place of trial within fifteen days after service of the demand" (CPLR 511[b]). The defendant may notice such motion to be heard as if the action were pending in the county he or she specified, unless the plaintiff, within five days after service of the demand, serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by the plaintiff is proper (see id.; King v CSC Holdings, LLC, 123 AD3d 888, 889).
Here, in response to the Gerasimou defendants' demand to change venue, the plaintiff timely served an affidavit of his attorney containing factual averments that were sufficient, prima facie, to show that the county designated by him was proper (see CPLR 503[a]; 511[b]; King v CSC Holdings, LLC, 123 AD3d at 889; 7 Columbus Ave. Corp. v Town of Hempstead, 85 AD3d 1038, 1039; cf. HVT, Inc. v Safeco Ins. Co. of Am., 77 AD3d at 267-269). Accordingly, the Gerasimou defendants' motion pursuant to CPLR 510(1) and 511 should have been made in the Supreme Court, New York County, where the action was pending (see King v CSC Holdings, LLC, 123 AD3d at 889; Schwartz v Yellowbook, Inc., 118 AD3d 691, 693).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court